[redacted]

## STATE et al. v. GUTSCHKE.

No. 12089.

Court of Civil Appeals of Texas.
San Antonio.
April 5, 1950.

Rehearing Denied April 26, 1950.

[redacted]

Perkins, Floyd & Davis, Alice, for appellant.

Alaniz & Norris, Alice, for appellee.

W. O. MURRAY, Chief Justice.

The controversy here involved was begun in the County Court of Jim Wells County when Mrs. Jewel Gutschke filed with the County Judge of that county an application for a Beer Retailer's On-Premises License. There was a hearing before the County Judge, at the conclusion of which Jewel Gutschke's application for a beer license was refused. Jewel Gutschke prosecuted an appeal to the District Court of Jim Wells County by giving a bond payable to the officers of said court and to whom it may concern, signed by her as principal and two others as sureties.

In the District Court of Jim Wells County the regular district judge of that court was

absent on account of illness and Hon. Reaburn L. Norris was elected, by the lawyers attending the court, as special judge to preside at that particular term of the court. There is in the transcript a copy of the notations made by the judge upon his trial docket. These notations disclose the fact that Special Judge Reaburn L. Norris was disqualified in this case, having been attorney for Jewel Gutschke in the county court, and that Hon. Homer E. Dean, County Attorney, representing the State, and the applicant, Jewel Gutschke, agreed upon Hon. Werner A. Gohmert to act as special judge in the cause. The case was ultimately called for trial on November 25, 1949, at which time Jacob S. Floyd, Esq., appeared as attorney for Hillcrest Estates, Inc., by Paul C. Barker its Vice-President, Norman E. Johnson, R. L. Gregory, Karl Williams, W. H. Blanton, H. R. Smith and N. W. Atkinson, who shall hereafter be referred to as protestants, and in open court objected to this case being heard before Werner A. Gohmert, and challenged his jurisdiction to hear the same as a Special District Judge, because protestants had not agreed to his appointment as such Special Judge. Much evidence was heard as to the validity of the agreement selecting Werner A. Gohmert as Special Judge, whereupon Werner A. Gohmert, as Special Judge, ruled that he had been properly selected and proceeded to hear the cause, and after hearing evidence found in favor of Jewel Gutschke and granted her application for a beer license. From this judgment Parker Ellzey, Assistant County Attorney of Jim Wells County, and the protestants gave notice of appeal to this Court.

■ Appellants' first contention is that the selection of Hon. Werner A. Gohmert as Special Judge was void because not agreed to by the protestants, who claimed to be parties to this suit. It is quite clear that where a special district judge is to be selected by agreement of the parties, such agreement must be joined in by all the parties to the suit. Latimer v. Logwood, Tex.Civ.App., 27 S.W. 960; Bomar v. Morris, 59 Tex.Civ.App. 378, 126 S.W. 663; Dunn v. Home National Bank, Tex.Civ. App., 181 S.W. 699; Article 1885, Vernon's Ann.Civ.Stats. Therefore, if protestants were in fact parties to this suit they were entitled to participate in any agreement to select the special judge, and their failure to agree would render the selection void and of no effect.

■ The trial judge, after hearing much evidence and considering the whole record, held that protestants were not parties to the suit and were therefore not entitled to participate in the selection of a special judge to try the case. We are of the opinion that in this ruling the Special Judge was correct. From an examination of the entire record, we find that protestants never at any time filed a plea of intervention in this cause, nor did they give bond for costs, as is required in Section 6 of Article 667, Vernon's Texas Penal Code. Paragraph b of Section 6, Article 667, Vernon's Ann.Penal Code, provides in part: "Any citizen shall be permitted to contest the facts stated in said petition and the applicant's right to secure license upon giving security for all costs which may be incurred in such contest should this case be decided in favor of the applicant; provided, however, no officer of a county or any incorporated city or town shall be required to give bond for such costs."

The evidence does not show that protestants filed any written pleadings in the county court or that they gave a bond to secure court costs, as required by the above article of the statute. The evidence does show that Paul C. Barker appeared and testified concerning the application of Jewel Gutschke for a beer license. Protestants filed a written protest in the district court against Jewel Gutschke being granted a beer license, but none of protestants appeared and testified in that court. Jacob S. Floyd, Esq., appeared in the district court as attorney for protestants and challenged the jurisdiction of the Special District Judge to act in this cause and also cross examined witnesses who were offered by applicant. All of this however fails to show that protestants intervened in the suit. If protestants had leave to file an intervention in either the county or district court, the burden was on them to see to it that the record reflected the same. United States Fidelity & Guaranty Co. v.

Henderson County, Tex.Civ.App., 253 S.W. 835, affirmed, Tex.Com.App., 276 S.W. 203.

It will be borne in mind that a hearing before the county judge on an application for a beer license is a statutory proceeding and must be conducted strictly in keeping with the provisions of the statute. There is no provision in the statute which makes the State of Texas, The Texas Liquor Control Board, the County Attorney, or protestants a necessary or proper party to such a proceeding. It is quite possible that if protestants had filed a petition for leave to intervene in the county court and given the security for costs required by Article 667—6, paragraph b, that they would thereby have made themselves parties to the proceeding, but where these provisions of the statute have not been complied with they are certainly not parties to the suit and the trial judge properly so held.

Having thus determined that protestants were not parties to the suit, we are brought face to face with the proposition of whether or not an appeal has been prosecuted to this Court by parties entitled to do so. With reference to the giving of notice of appeal, we find in the judgment of the district court the following: "to which judgment contestants Hillcrest Estates, Inc., et al., and Parker Ellzey, Asst. County Attorney of Jim Wells County, then and there excepted and in open court gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, at San Antonio." We also find in the transcript the following instrument, to-wit:

"Appeal
"Filed Dec. 5, 1949, at 4:15 P. M.
"No. 8682

"In Re: Application of Jewel Gutschke for Beer Retailers On-Premises License } In the 79th Judicial District Court of Jim Wells County, Texas.

"Now comes the County Attorney of Jim Wells County, Texas, Hillcrest Estates, Inc., Paul C. Barker, Vice-President, W. H. Blanton, H. R. Smith, Karl Williams, N. W. Atkinson, R. L. Gregory and Norman E. Johnson, Contestants, and would respectfully show as follows:

"That the County Attorney in his official capacity and on relation of the other parties above named, who were contestants and protestants opposing the granting of an application by Jewel Gutschke for a Beer Retailers On-Premises License filed with the County Clerk of Jim Wells County, Texas, on September 17, 1949, seeking a permit to be permitted to sell beer at retail on Highway 44, about one-fourth mile east of the City limits of the City of Alice in Jim Wells County, Texas, and said contestants and protestants acting by and through their attorney hereinafter named, here now give written notice of appeal from the judgment granting said permit as rendered by the Honorable Werner A. Gohmert, purporting to act as special judge of the District Court of Jim Wells County, Texas, in this cause, and said notice of appeal is given to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, in San Antonio, Bexar County, Texas.

"Witness our signatures this 5th day of December, A.D. 1949.

"Parker Ellzey, Assistant County Attorney of Jim Wells County, Texas.
Hillcrest Estates, Inc.
Paul C. Barker, Vice-President
W. H. Blanton
H. R. Smith
Karl Williams
N. W. Atkinson
R. L. Gregory
Norman E. Johnson
By: Jacob S. Floyd
Their Attorney for Record in this Cause.

"Endorsed: No. 8682 In the 79th Judicial District Court of Jim Wells County, Texas, In Re: Application of Jewel Gutschke for Beer Retailers On-Premises License. Appeal. Filed Dec. 5, 1949, at 4:15 P.M., Beula E. Richardson, Clerk, Dist. Court, Jim Wells Co., Texas."

In the Statement of Facts we also find the following with reference to notice of appeal:

"The Court: Mr. Floyd, your motion will be overruled and the application granted.

"Mr. Floyd: I do not think that we have any right of appeal, but if we do have the right of appeal, then we wish the record to show our exceptions and notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio, Texas.

"Mr. Ellzey: The County Attorney of Jim Wells County, Texas, excepts to the ruling of the Court and gives notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio, Texas. The County Attorney did not participate in the proceedings other than being a spectator and making some announcements to the Court, and the County Attorney's office does not intend itself to prosecute an appeal but it desires in the public interest that the protestants have preserved to them every right of appeal they have, and therefore joins with the protestants in giving notice of appeal."

■ We can find nothing in the record that indicates the State of Texas was a party to this suit. The County Attorney nor his assistant appeared in the County Court or in the District Court to contest the granting of this application, but on every occasion it was stated that the County Attorney did not desire to contest the application in any way. It is true that in the case of State v. Peeler, Tex.Civ.App., 200 S.W. 2d 874, the Court held that the County Attorney appeared before the County Judge and examined and cross-examined the witnesses, took the lead in contesting the application and made agreements and arguments in the district court, pertaining to the record, and that he thereby made the State of Texas a party to the proceeding, but in this case we have just the opposite situation. The County Attorney did not appear and did not examine and cross-examine witnesses, and made it plain at all times that he was not in any way contesting the application for a beer license. Under such circumstances neither the County Attorney, personally, nor the State of Texas became a party to the suit.

In paragraph (e), Section 6 of Article 667, among other things, it is provided in effect that appeals of this nature are governed by the same rules or proceedings as is provided in Sec. 14, Article 1, of this Act, which section is now found in Article 666—14, Vernon's Ann.P.C., which reads in part as follows:

"Unless specifically denied herein an appeal from any order of the Board or Administrator refusing, cancelling, or suspending a permit or license may be taken to the District Court of the County in which the aggrieved licensee or permittee, or the owner of involved real or personal property may reside. In all other suits against the Board venue shall be in Travis County, Texas. The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally, viz.:".

■ It would seem from a reading of the above statute that the only party defendant in such proceeding would be the Texas State Liquor Control Board. It will be noted that the Assistant County Attorney in giving notice of appeal did not give same on behalf of the State of Texas or the State Liquor Control Board or anyone else. The record is clear that at the time the Assistant County Attorney gave notice of appeal he was not in any way aggrieved by the judgment, but was satisfied therewith, and had no intention of prosecuting an appeal, but was doing so for the purpose of enabling the protestants to prosecute an appeal in his name. 3 Tex.Jur. p. 148, Sec. 85, p. 287, Sec. 192. The fact that the Assistant County Attorney did not intend at the time, as he stated, to prosecute any appeal, is further borne out by the fact that he has not here filed any brief and has done nothing to further prosecute the appeal. Notice of appeal given by an attorney in the case who is not a party to the suit is insufficient as a notice of appeal by a litigant in the case.

Even if it should be considered that the State of Texas was a party to this suit and that notice of appeal was given on behalf of the State, we should be compelled, nevertheless, to dismiss the appeal as to the State of Texas for want of prosecution.

446

■■ This brings us to a consideration of whether or not the notice of appeal given by the protestants is sufficient to give this Court jurisdiction of the cause. The appeal from the District Court in this type of case to the Court of Civil Appeals not being provided for by statute, is governed by the general rules with reference to the appeal of civil cases to this Court, the trial in the district court being of a judicial rather than an administrative hearing. Jones v. Marsh, Tex.Sup., 224 S.W.2d 198. The general rule is that before the protestants would be permitted to prosecute an appeal in this case they would have to be shown to be parties to the suit and aggrieved by the judgment.

■ The record failing to show that protestants have intervened in this cause and made themselves parties, as is provided by the Statute, paragraph b, Article 667—6, Vernon's Penal Code, they are not such parties as can prosecute an appeal to this Court. Under the circumstances, this Court has no jurisdiction of this cause and must therefore dismiss the appeal.

There are many interesting questions here presented, such as the right of Jewel Gutschke to execute an appeal, both from the County Court to the District Court, without the joinder of her husband, or to prosecute this suit in the District Court without such joinder, also the sufficiency of the evidence. But, inasmuch as we have held that this appeal must be dismissed, we express no opinion on such question.

The appeal is dismissed.