**Jimmy C. PARKER et al., Appellants,**

v.

**Walter SCHMELTEKOPF, Jr., Appellee.**

**No. 12092.**

Court of Civil Appeals of Texas, Austin.

Jan. 16, 1974.

Albert M. Walker, Jr., San Marcos, for appellants.

Thomas A. Harwood, San Marcos, for appellee.

SHANNON, Justice.

The issue in this appeal involves the principle of res judicata. More specifically, the question concerns whether or not persons, who were not parties in a prior suit, may assert the judgment in the prior suit to bar a second suit. Under the facts of this case we are of the opinion that the second suit was not barred by the judgment in the first.

Appellants, Jimmy C. Parker and other "citizen-protestants," appeal from the judgment of the district court of Hays County granting the application of appellee, Walter Schmeltekopf, Jr., for a wine and beer retailer's permit for a location at the intersection of Loop 82 and Post Road in San Marcos. We will affirm the judgment.

In the first suit appellee filed his application for the wine and beer retailer's permit with the county judge of Hays County in November of 1972. After a hearing, and on November 17, 1972, the county judge denied appellee's application upon the basis of Vernon's Tex.Pen.Code Ann. Art. 667–5, C(c).[1] On December 5, appellee appealed the denial of his application to the district court of Hays County. After a hearing, and on December 21, the district court denied appellee's application. The only defendant named in the appeal to the district court was the county judge who was represented by the county attorney.

The record reflects that, though a number of protestants testified in opposition to appellee's application on appeal to the district court, they were not represented by counsel and did not intervene as parties. As appellee perfected no appeal to this Court, the December 12 judgment became final.

About four months after filing the first application and on February 7, 1973, appellee filed the second application for a wine and beer retailers permit for the same location. On February 20, 1973, the county judge denied the application, and as before, the court based the denial on Art. 667–5, C(c). On March 1, 1973, appellee filed his appeal from the order of denial to the district court of Hays County.

The cause proceeded to trial in the district court on March 9. As in the first suit, the only named defendant was the county judge who was represented by the county attorney. The county judge filed no pleading of res judicata. Various protestants were in attendance and testified in opposition to appellee's application although they were not represented by counsel and were not parties. Upon completion of the evidence the district court took the matter under advisement.

While the matter was under advisement, the protestants employed counsel who requested a "rehearing" of the cause. As no "motion for rehearing" appears of record, we assume that the request was oral. The protestants filed no petition in intervention uniting with the defendant county judge in resisting the claim of the appellee. After a hearing the court granted the protestants' "motion for rehearing" which we construe to mean that the cause was reopened for further testimony.

Prior to the resumption of the testimony on March 21, a different district judge was assigned by the presiding judge to hear the

1. Art. 667–5, C(c) provides that the county judge shall refuse to approve the application for the license if he finds that "The place or manner in which the applicant for a Retail Dealer's License may conduct his business is of such nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license; . . . "

cause. No further testimony was taken on March 21, but instead it was agreed among the parties that the testimony taken on March 9 along with that introduced for a limited purpose in the "rehearing" would constitute the record.

An examination of the statement of facts pertaining to the March 21 hearing shows that the attorneys and the court were concerned with a pleading of res judicata urged by the protestants, although the transcript shows that the pleading of res judicata was not filed with the clerk until March 27.

On May 2, 1973, the judgment was entered specifically denying the plea of res judicata and granting appellee's application for the wine and beer retailer's permit.

Appellants' primary point is that the judgment of the district court in the first suit constitutes a bar to the second suit. Their other point concerns the assessment of one item of costs.

The principle of res judicata is founded upon the policy that there should be an end to litigation and that a matter once adjudicated should not be readjudicated. Abbott Laboratories v. Gravis, 470 S. W.2d 639 (Tex.1971). Ordinarily, res judicata is applicable only between those who are parties or privies to the judgment, and it gives no rights to, or against, third parties. 1 Freeman on Judgments (5th Ed.) § 407. An exception, however, is in those situations wherein it is held that persons though not parties to the lawsuit may, by active and open participation in the trial of the cause, so connect themselves with that litigation that the resulting judgment is res judicata for or against them. 1 Freeman on Judgments (5th Ed.) § 432. See American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908 (1924); Ex Parte Foster, 144 Tex. 65, 188 S.W.2d 382 (1945); Cavers v. Sioux Oil & Refining Co., 39 S. W.2d 862 (Tex.Com.App.1931), rehearing denied 43 S.W.2d 578; White House Lumber Co. v. Denny, 75 S.W.2d 709 (Tex. Civ.App.1934, writ ref'd).

In determining the character and extent of participation in litigation which will in legal effect make one a party, it is required that the participation must be open and known to the adverse party and must be of a nature to indicate that the person has the right to control and direct the proceedings. 1 Freeman on Judgments (5th Ed.) § 433, 139 A.L.R. 9, 17; Restatement of Judgments § 84; American Indemnity Co. v. Fellbaum, supra; Ex Parte Foster, supra. The presence and participation as a witness in the trial of the case does not make one a party in the sense as to conclude him by the resulting judgment even though he may be interested therein, since he lacked the necessary control over the trial of the cause. 1 Freeman on Judgments (5th Ed.) § 434; Wilson v. Mitchell, 299 S.W.2d 406 (Tex.Civ.App.1957, no writ).

An examination of the transcript in the trial in district court resulting in the first judgment shows that the citizen-protestants were not parties. A reading of the statement of facts in the first trial does show that several of the citizen-protestants did testify, but such participation, as indicated above, is insufficient to enable them to take advantage of the principle of res judicata. There was no showing that the citizen-protestants had the right to control and direct the defense in the first proceeding.

Appellants claim that State v. Gutschke, 149 Tex. 292, 233 S.W.2d 446 (1950) controls the disposition of this appeal. That case did not involve the availability vel non of a judgment in a prior suit, as res judicata in a second suit, to strangers in the prior suit. The issue in Gutschke was whether persons, who did not formally intervene as parties in the proceedings before the county judge for a permit for a Retailers On-Premises beer license, were entitled to appeal from the judgment of the district court. The Supreme Court in Gutschke held that inasmuch as the proceedings before the county judge were administrative in nature, written pleas of intervention were not prerequisite to the citi-

zen-protestants becoming parties to the cause in the fullest degree.[2]

 Appellants' second point concerns the assessment of one item of costs. In the first suit appellee ordered a statement of facts for purposes of appeal. As stated previously, no appeal was filed. In one of the hearings in the second suit appellants offered that statement of facts in evidence. In the judgment in the second suit the court assessed the cost of that statement of facts against appellants.

Texas Rules of Civil Procedure, rule 131 provides that the ". . . successful party to a suit shall recover of his adversary all costs incurred therein. . . ." The cost of the statement of facts in the first suit was not a cost incurred in the second suit.

The judgment will be reformed to provide that appellants pay only those costs incurred in the second suit. In all other respects the judgment is affirmed.

Reformed, and as reformed, affirmed.

**2.** An examination of the transcript in *Gutschke* on file in the office of the Clerk of the Supreme Court shows that the citizen-protestants did file at least informal written pleadings in district court in the appeal from the judgment of the county judge. The opinion of the Court of Civil Appeals, 233 S.W. 2d 441, at page 443, states that citizen-protestants ". . . filed a written protest in the district court against Jewel Gutschke being granted a beer license. . . ."