Stephanie Inman **ELLIOTT**, Celeste Inman Vaughn and Kimberly Inman Tate, Appellants,

v.

Donna **HAMILTON** and Marie Inman, Appellees.

No. 09–88–292 CV.

Court of Appeals of Texas, Beaumont.

March 9, 1989.

Rehearing Denied April 13, 1989.

Samuel L. Boyd, R. Allen Jones, Dallas, for appellants.

Malcolm E. Dorman, Pannal Alan Sanders, Orange, John Quigley, Beaumont, Sam E. Dunn, Galveston, Jim I. Graves, Beaumont, William G. McMillan, Lance Fox, Beaumont, for appellees.

OPINION

BURGESS, Justice.

This is an appeal from a judgment admitting a will to probate. Major G. Inman, Jr. died on May 11, 1986. At the time of his death, Mr. Inman was unmarried and was survived by four daughters, Stephanie Inman Elliott, Celeste Inman Vaughn, Kimberly Inman Tate and Sallie Inman. On May 14, 1986, Joe Grossman, a close friend, filed an application to probate a holographic will which divided Mr. Inman's estate among (1) his four daughters, (2) his second ex-wife, Bessie Marie Inman, (3) his ex-

stepdaughter, Donna Hamilton and (4) a friend, June Wingate. On June 11, 1986, appellants filed an opposition to the application to probate the will. On March 24, 1987, Sallie Inman filed an application to probate the will. On December 14, 1987, appellants filed an amended opposition. On June 6, 1988, a jury trial commenced. The statement of facts shows appearances by all legatees. After the jury was seated, June Wingate announced she had settled with appellants. Sallie Inman announced she had also reached an agreement with appellants. The trial then proceeded with appellees as proponents of the will and appellants as contestants or opponents. The jury answered all issues in favor of the proponents. On July 27, 1988, the court entered a judgment admitting the will to probate.

The thrust of all seven points of error is that the court had no jurisdiction to enter a judgment since appellees had no written pleadings on file. Appellants argument is that Sallie Inman had *withdrawn* her application, and thus, there were no live pleadings before the court. This contention is not supported by the record. There was no written withdrawal, non-suit or dismissal filed by Sallie Inman. While it is true she reached an agreement with appellants concerning insurance benefits, Sallie Inman testified, "I want the will that my father wrote to go through."[1]

Appellants cite many cases for the proposition that there must be pleadings to support the judgment. This is not the question because, as previously noted, Sallie Inman's pleadings were before the court. The question is whether the admitted absence of written pleadings by appellees renders the judgment void. We hold it does not. Persons, though not nominal parties to a lawsuit, may, by their active and open participation, so connect themselves with the litigation to have the legal effect of making them a party. This participation must be open and known to the adverse party and must be of a nature to indicate that the person has the right to control and direct the proceedings. *American Indem. Co. Fellbaum*, 114 Tex. 127, 263 S.W. 908 (1924); *Parker v. Schmeltekopf*, 504 S.W.2d 817, 819 (Tex.Civ.App.—Austin 1974, no writ). Everyone knew the "lineups" at the time of trial. Appellants never voiced any objections nor raised the "no pleading" issue prior to a motion for new trial. Had the jury issues been answered adverse to appellees, they would have been bound by res judicata. *Parker*, 504 S.W.2d at 819. Appellants were willing to allow appellees to proceed to the jury and litigate the issues. They cannot, at this juncture, complain. The points of error are overruled. The judgment is affirmed.

AFFIRMED.

---

1. Sallie Inman would have received ¼th of the estate if the will was not admitted to probate and only ⅐th if it was.