ACCEPTED
14-14-00635-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/21/2015 4:21:50 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-14-00635-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/21/2015 4:21:50 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FOURTEENTH COURT OF APPEALS
## AT HOUSTON, TEXAS

### GUARDIAN TRANSFER & STORAGE, INC., ET AL
Appellant

vs.

### ERIC BEHRNDT, ET AL
Appellee-Cross -Appellant

Appealed from the 164th District Court
of Harris County, Texas

### REPLY BRIEF OF APPELLANT

RAYMOND H. STAUFFACHER. JR.
14825 St. Mary's Lane, # 105
Houston, Texas 77079-2912
Tel. (713) 365-9009
Fax (713) 365-0005
State Bar No. 19084000
Attorney for Appellant

# IDENTITY OF PARTIES AND COUNSEL

**Guardian Transfer & Storage, Inc., Et Al.** . . . . . . . . . . . . . . . . . . . . . **Appellant**

Raymond H. Stauffacher, Jr. . . . . . . . . . . . . . . . . . . . . . . . Counsel For Appellant
14825 St, Mary's Lane, Suite 105
Houston, Texas 77079-2912
TBN # 19084000
Tel. 713-365-9009; Fax 713-365-0005
E-Mail: rstauffacher@rstauffacher.com

**Eric Behrndt, Et Al.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **Appellee/Cross-Appellant**

Warren Taylor. . . . . . . . . . . . . . . . . . . . . . Counsel for Appellee/Cross-Appellant
815 Walker, Suite 250
Houston, Texas 77002
TBN# 24068496
Tel. 713-615-6060; Fax 713-615-6070
E-Mail: Eserve@taylaw.com

*****

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF FACTS AND HISTORY OF THE CASE,
(SEE APPELLANTS' BRIEF)

APPELLANTS' RESPONSES TO APPELLEE'S REPLY POINTS:

    A.    APPELLANT'S REPLY TO APPELLEES'
        CROSS-POINT OF ERROR ONE . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    APPELLANT'S' REPLY TO APPELLEES'
        CROSS-POINT OF ERROR TWO . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.    APPELLANT'S RESPONSE TO APPELLEES'
        REPLY POINT ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    D.    APPELLANT'S RESPONSE TO APPELLEES'
        REPLY POINT TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    E.    APPELLANT'S RESPONSE TO APPELLEES'
        REPLY POINT THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    F.    APPELLANT'S RESPONSE TO APPELLEES'
        REPLY POINT FOUR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# INDEX OF AUTHORITIES

**Cases**                                                                                       **Page**

*Allison v. Simmons, 306 S.W. 2d 206, 211,*
*( Tex. Civ. App.-Waco 1957, writ ref'd. n.r.e.)* . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bowen v. Robinson, 227 S.W. 3d 86, 94-95*
 *(Tex.App.-Houston[1st Dist.]2006, pet. Denied.* . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Boyce Iron Works, Inc. v. S.W. Bell Tel. Co., 747 S.W. 2d 785, (Tex. 1987)* . . . . . 5

*Burrow v. Arce, 997 S. W. 2d 229, 235 (Tex. 1999)* . . . . . . . . . . . . . . . . . . . . . . . 6

*Coastal Transp. Co. V. Crown Central Petrol. Corp,*
*136 S.W. 3d 227, 232 (Tex. 2004)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*El Apple v. Olivas, 370  S.W. 3d 757,761 (Tex. 2012)* . . . . . . . . . . . . . . . . . . . . . 5

*Elliott v. Hamilton, 767 S.W. 2d 262-263;*
*(Tex.App.–Beaumont 1989, writ denied)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Houston Unlimited, Inc. v. Mel Acres Ranch, 443 S.W. 3d 820 (Tex. 2014)* . . . . . 5

*Maulding v. Niemeyer, 241 S.W. 2d 733 (Tex. Civ. App.–El Paso 1951)* . . . . . . 10

 *Mantri v. Bergman, 153 S.W. 3d 715 (Tex. App. -Dallas 2005, Pet. Den'd.)* . . . 12

*Martin v. Family & Protective Services, 176 S.W. 3d 390,*
*(Tex. App-Houston[1st Dist.2004* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Natural Gas Pipeline Co. Of Am. V. Justiss, 397 S.W. 3d 150, 156 ( Tex. 2012)* . 5

*San Antonio v. Pollock, 284, S.W. 3d 809, 818 ( Tex. 2009)* . . . . . . . . . . . . . . . 5, 6

*Spencer v. Eagle Star, 876 S. W. 2d 154 (Tex. 1994)* . . . . . . . . . . . . . . . . . 9, 12, 14

*Spolaric v. Percival Tours, 708 S.W. 2d 435, 1986 Tex. Lexis 949* . . . . . . . . . . . 11

*Tony Gullo Motors v. Chapa, 212 S.W. 3d 299; 2006 Tex. LEXIS 1301* . . . . . . . *11*

*White v. SW Bell Tel. Co., 651 S.W. 2d 260 (Tex. 1978)* . . . . . . . . . . . . . . *12, 14*


Statutes and Codes _____ **Page**

Tex. R. Civ. P. 67 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 274, Tex.R. Civ. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8

Tex. R. Civ. P. 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 14

 Tex. R. Evid. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

§ 10.002, Tex. Civ. Prac. & Rem. Code . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

§ 41.001,  Tex. Civ. Prac. & Rem. Code . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Penal Code Ann. §§ 31.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*****

A.    REPLY TO APPELLEE'S CROSS-POINT OF ERROR ONE:

RESTATEMENT OF CROSS-POINT OF ERROR ONE:

a.    Guardian did not plead for lost profits;

b.    There is no evidence, or insufficient evidence, that any lost profits were caused by BCI's failure to pay Guardian the $ 49,161.18.

REPLY TO CROSS-POINT OF ERROR ONE:

a.    Reply   regarding "Defects in Pleadings": Complaints now by Plaintiff/Appellee  about GUARDIAN's pleadings are not available to them at this time in this cause, as such complaints have been waived. Rule 274 Tex. R.Civ. P.

GUARDIAN provided extensive documentation  and video evidence of damages incurred that were proximately caused by Plaintiffs (RR-V-29-a, b, & c, Videos' Exhibits 1,2, 3, 34), including lost value from the Plaintiffs' temporary injunction that forced the retention of the auctioned properties, and the sales by Appellees of the valuable properties fraudulently obtained from GUARDIAN,  sold by Plaintiffs during the pendency of this cause (RR-V9, pp 228-231). These properties and equipment comprised prospective proceeds of sale by GUARDIAN. The damage issues of this case were tried by consent and without objection by Appellees  to the pleadings of Appellants, or to the evidence presented or to the charge of the Court. Thus the present complaints by Appellees regarding these pleadings, issues and/or matters in the Charge Of The Court, have been waived. Rule

274, Tex. R. Civ. P.

In addition, as to Appellees' allegations about defects in GUARDIAN's pleadings, an exception to the general pleading requirement arises when "unpleaded" issues are tried by the express or implied consent of the parties, as was the case in this cause. See *Tex. R. Civ. P. 67*; *see also Elliott v. Hamilton, 767 S.W.2d 262, 263 (Tex. App.--Beaumont 1989, writ denied)]*, holding that even the inclusion in judgment of parties not named in pleadings was upheld because of their open participation in litigation without objection.

This case remained on the trial docket for over three years, pleadings were amended many times by both parties, and the case was tried completely without objection to pleadings. All issues regarding pleadings have been tried by consent and all objections have been waived.

b.      Reply regarding "LOST PROFITS". Plaintiffs/Appellees have also waived their claims regarding the evidence of "lost profits" by failure to object. Rule 274, Tex.R. Civ. P.

Appellant GUARDIAN is not required to plead specifically for "lost profits". GUARDIAN has pleaded for all damages proximately resulting from Plaintiffs" actions or omissions. Plaintiff did not object to either the pleadings or to the jury questions regarding "lost profits" in the Charge of the Court; in fact the jury charge questions were initially proposed by Plaintiff.( See RR-V-11, pp. 10-11).

Direct damages are measured by the losses that result naturally and necessarily from a breach of contract or tort; the mere allegation gives sufficient notice to the opposing party of the damages claimed by the plaintiff. Accordingly, a general allegation of damages resulting from the breach or tort is sufficient to allow proof to support an award of direct damages. *Bowen v. Robinson, 227 S.W.3d 86, 94-95 (Tex. App.--Houston [1st Dist.] 2006, pet. denied.*

A general plea for "damages" includes a plea for "specific" damages, and in the absence of objection to the pleading or to the jury questions, GUARDIAN is entitled to recover all of its damages, including the lost profits and lost values of the properties proximately resulting from Plaintiffs' fraud, actions and omissions, and the losses and expenses caused by the malicious filing of this lawsuit, from the fraudulent and intentional pursuit and perpetuation of the injunction prohibiting the use or disposition of the properties by GUARDIAN in the regular course of its business, and from the losses from related delays and expenses from pursuit of this suit, all as found by the unanimous jury.

GUARDIAN provided substantial evidence regarding the values and profits in the production parts that were the products of the machining business, including details on the market values of the many parts that had substantial profit margins, (RR-V-8, pp-30-31). Much of these products were fraudulently obtained by Appellees and sold, to the damage of Appellant, GUARDIAN, whose business

income was principally comprised of the sale of personal properties recovered from its warehouse/moving and storage business, including the sale of properties like those fraudulently obtained and sold by Appellees. The losses and damage to GUARDIAN were not limited to the failure of Appellees to pay the contracted auction sum, as alleged by Appellees, but extended to the losses in business operations caused by the fraud of Appellees' in obtaining and selling the valuable machine products, and by filing and maintenance of this frivolous suit. Due to the injunction maintained by Appellees extended the burden of overhead, such as warehouse lease/rental charges in excess of $14,000.00 per month, over the period this cause remained on the trial Court's docket.

All issues regarding pleadings of Appellants have been tried by consent and the present objections by Appellees have been waived. Rule 274, Tex. R. Civ. P.

*****

B.     REPLY TO APPELLEE'S CROSS-POINT OF ERROR TWO:

RESTATEMENT OF CROSS-POINT OF ERROR TWO:

The judgment awarding attorneys' fees to Guardian should be reversed since there is no evidence, or insufficient evidence, to support the award.

REPLY REGARDING ATTORNEY FEES:

Appellants filed their election in the Trial Court to recover damages and relief proximately caused by the torts of Appellees, and instead elected not to seek

recovery of attorneys fees to which they are entitled by reason of the breaches of contract found by the jury. However, the jury may also consider and award reasonable attorney's fees as an element of exemplary damages or in assessing exemplary damages. *Allison v. Simmons, 306 S.W.2d 206, 211 (Tex. Civ. App.--Waco 1957, writ ref'd n.r.e.)*.

Appellants are entitled to obtain judgment on the theory entitling them to the most favorable relief. *Boyce Iron Works, Inc. v. S. W. Bell Tel. Co., 747 S. W. 2d 785 (Tex.1987)*, in this case, by electing damages from fraud in lieu of damages from breach of contract.

1.    Appellee complains that the attorney fee evidence by Appellant is not sufficient to support the award of fees by the jury, and cites El Apple v. Olivas, *370 S.W. 3d 757,761 (Tex. 2012)*; *Houston Unlimited, inc. v Mel Acres Ranch, 443 S.W. 3d 820 (Tex. 2014*);  and *San Antonio v. Pollock, 284 S.W.3d 809, 818 (Tex. 2009)*.

When an expert opinion is admitted into evidence without objection, "it may be considered probative evidence even if the basis for the opinion is <u>unreliable</u>.*" City of San Antonio v. Pollock, 284 S.W.3d 809, 818 (Tex. 2009)*. "But if no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence, regardless of whether there is no objection." *Id*. This is because the evidentiary value of expert testimony is derived from its basis, not from the mere fact that the expert has said it.

*See, e.g., Natural Gas Pipeline Co. of Am. v. Justiss, 397 S.W.3d 150, 156 (Tex. 2012); San Antonio v. Pollock, 284 S.W.3d at 816.*

In *Houston Unlimited, Inv. V. Mel Acres Ranch, 443 S. W. 3d 820 (Tex. 2014)*, cited by Appellee, the expert based her opinion on facts that did not support her opinion; although testifying otherwise, the Court found that the expert did not really use "comparable sales" to support her opinion, provided no evidence that the damages alleged to support her opinion were due to/from the contamination/remediation that was the basis of the claim, provided no support for comparison made between the allegedly "comparable properties' alleged damages"; thus her testimony was held to be "conclusory".

Although expert opinion testimony often provides valuable evidence in a case, "it is the <u>basis</u> of the witness's opinion, and not the witness's qualifications or his/her bare opinions alone, that can settle an issue as a matter of law; a claim will not stand or fall on the mere *ipse dixit* of a credentialed witness. *Burrow v. Arce, 997 S.W.2d 229, 235 (Tex. 1999)*. Opinion testimony that is just conclusory or speculative is not relevant evidence, because it does not tend to make the existence of a material fact "more probable or less probable." *See TEX. R. EVID. 401.* The Court has held that a party may complain that "conclusory" opinions alone are legally insufficient evidence to support a judgment even if the party did not object to the admission of the testimony. And when an expert opinion is not just "conclusory" but the basis offered

for it is unreliable, a party who objects may complain that the evidence is legally insufficient to support the judgment. However, in that situation an objection is required to give the proponent a fair opportunity to cure any deficit and thus prevent trial by ambush.. As explained in *Coastal,* there is a distinction between challenges to an expert's scientific methodology and "no evidence" challenges where, on the face of the record, the evidence lacked probative value. *Coastal Transp. Co. v. Crown Central Petrol. Corp., 136 S.W.3d 227, 232 (Tex. 2004).* When the expert's underlying methodology is challenged, the court necessarily looks beyond what the expert said to evaluate the reliability of the expert's opinion. When the testimony is challenged as conclusory or speculative and therefore non-probative on its face, however, there is no need to go beyond the face of the record to test its reliability. The Courts therefore conclude that when a reliability challenge requires the court to evaluate theunderlying methodology or foundational data used by the expert, an objection must be timely made so that the trial court has the opportunity to conduct this analysis. However, when the challenge is restricted to the face of the record -- for example, when expert testimony is speculative or conclusory on its face -- then a party may challenge the legal sufficiency of the evidence even in the absence of any objection to its admissibility.

The attorney fee evidence/testimony in this case was based on accounting records maintained by counsel, and referred to in the testimony. (RR-V9/ 121-123);

although exchanged between counsel, accounting documents were not introduced into the record. There was no cross examination or objection to the Appellants' fees testimony by Appellee. In addition, the jury questions regarding attorney fees was proposed by Appellee (RR-V-11, 20-24) and there was no objection to the jury charge on the attorney fee issue. The attorney fee evidence/testimony in this case was based on time/accounting records kept thoughout the case, the testimony was not merely "conclusory" or unsupported, was not objected to by Appellee when in trial or in the jury charge. Appellees' current complaint regarding the sufficiency of the attorney fee evidence in this case has been waived and the fee award found by the jury should be affirmed by this Court. Rule 274, Tex.R. Civ. P.

C. APPELLANTS' RESPONSE TO APPELLEE'S REPLY POINT ONE. (Appellees' response to Appellants' Points of Error One and Two)

Appellee submits that the judgment refusing to grant the jury's damage award for fraud should be affirmed because (a) the was no evidence that Behr Construction, Inc. committed fraud, (b) there was no evidence any damages were suffered as result of the alleged fraud; and ( c) the award of both profits and lost value of equipment would constitute a double recovery.

Appellant shows that this cause was tried , the jury charged and the verdict rendered without formal objection by Appellees; in fact Appellees submitted the proposed jury charge sent to the jury in its current form, including the accompanying

instruction, without objection. The conduct of Appellees that comprises or supports the claims by Appellants exactly fits the jury instruction in question 8-c. Appellees'contention on appeal that there was no evidence of fraud, or damages due to fraud, have been waived. Rule 274, Tex.R. Civ. P.

Appellants' points of error One and Two show that the Trial Court erred in disregarding the jury verdicts that were supported by the evidence produced in trial. The Trial Court may not disregard jury findings that are supported by the evidence. Rule 301, Tex.R.Civ.P.; *Spencer v. Eagle Star, 876 S.W. 2d 154 (Tex. 1994)*. In trial Appellees persisted in misrepresenting that the issues of this case arose from a dispute about storage charges and credits allowed to other, different parties on their accounts with GUARDIAN; Appellees sought reduction in their charges many months after they were incurred and long after Appellees' default. Appellee Behrndt claimed similar credits should be given to him against his obligations to pay the agreed auction transaction charges, apparently in an effort to justify or excuse his contract breach, and fraudulent actions and conduct. This same effort was presented in trial, but was rejected by the jury, and was referred to previously in Appellants' Brief in this cause in Appellants' Point of Error One.

Examples of fraud by Appellees are referenced and described in Point of Error One of Appellants' brief.

Fraudulent representations communicated to another may be comprised of

actions and conduct that communicates the fraud; this may be done by actions or conduct, with or without verbal statements, and the fraudulent intent can be determined by the actions taken that confirm the fraud, and the intent to induce reliance on the fraudulent representations. Behrndt's intent to defraud Guardian and avoid payment for the materials and equipment he induced Guardian to permit him to take after the auction transaction was confirmed by his subsequent conduct in the receipt and appropriation of the $ 20,000.00 provided to him by his then business associate, Truong Duong, on the same evening of the auction. Behrndt convinced Truong Duong that he intended to keep the Guardian properties without payment. See RR-V9/187-199.

Fraudulent intent is the only conclusion to be reached in reviewing the preparation and presentation of the "affidavit" behrndt and his personal assistant constructed by computer printing the "affidavit" document using a multi-layer printing process. See Defendants' Exhibits 42, 42-a, b & c. This fraudulent affidavit was calculated to damage Guardian in the amount of at least $ 17,000, and could have irreparably damaged the business and the reputation of its principals; fortunately Guardian was able to minimize that damage, which is now difficult to quantify.

Contrary to the implication of Appellees, Guardian has not and does not contend that just the failure of Appellees to pay the Auction contracted balance to Guardian was Fraud, although the ridiculous excuses that Appellees used in their

effort to avoid the payment do support the logical conclusion that they never intended to pay.

Intent to defraud is not subject to direct proof, but must be proved by Circumstantial evidence. *Maulding v. Niemeyer, 241 S.W. 2d 733, (Tex.Civ.App. -- El Paso 1951).* Only "slight circumstantial evidence" will support a finding of fraud. *Spolaric v. Percival Tours, 708 S.W. 2d 435, 1986 Tex. Lexis 949; Tony Gullo Motors v. Chapa; 212 S.W. 3d 299; 2006 Tex. LEXIS 1301.*

As noted herein, a fraudulent "statement" is not the only way that fraud arises, and conduct may also be "fraud". It was uncontroverted in trial that the allegations that produced the "affidavit" allegedly signed by Truong , alleging the $ 17,000.00 payment to Guardian, and involvement of the constable in exchanging property outside of the auction transaction, was "untrue", and was known to be untrue by Appellees and their associates when they generated it. All expense and other damage incurred by Guardian in dealing with that fraud and slander by Appellees   supports a finding of fraud, and damages from that "affidavit" fraud are presumed, since the slander alleged a criminal violation.(Tex. Penal Code Ann. §§ 31.03).

The Court was not required to consider the jury findings of the being in same amount of damage, whether from fraud or from breach of contract, and the judgment would not involve a "double recovery", especially since Appellants made the clear election to recover its damages for fraud rather than for the breach of contract found

by the jury. Since there is evidence to support the jury's findings, the Trial Court is not authorized to substitute its fact findings for the jury's and judgment for the damages for fraud should be rendered. Rule 301, Tex. R. Civ. P.; *Spencer v. Eagle Star, 876 S.W. 2d 154 (Tex. 1994)*; *White v. SW Bell Tel. Co., 651 S.W. 2d 260 (Tex. 1978)*.

D.      APPELLANTS' RESPONSE TO APPELLEE'S REPLY POINT TWO

(Appellees' response to Appellants' Points of Error Four and Five)

Appellee submits that the judgment refusing to award actual and punitive damages for filing an alleged frivolous lawsuit should be affirmed since there is no such cause of action, also contending that the trial Court declined to award sanctions and there is no evidence of any independent damages.

1.      The jury verdict found Appellants suffered actual damages caused by Appellees in Jury Answers to Question 47. The jury further found that these actual damages were caused by the intentional actions and conduct of Appellees ( Jury Question 47) who had actual awareness of the falsity of their claims and probable damage from their actions. (Jury Question 48). These jury findings were supported by the evidence introduced without objection, and findings were made in answers to Jury Questions submitted without objection. Appellee's complaints about the verdict on this issue have been waived. Rule 274, Tex. R. Civ. P.

2.    The jury also found exemplary damages should be awarded to Appellants.

3.    Appellees cite *Mantri v. Bergman, 153 S.W. 3d 715 (Tex. App.–Dallas 2005, Pet. den'd)* in support of their claim that Sect. 10.002, Tex. Civ. Prac. & Rem. Code controls the exemplary damage verdict in this case*.; " Mantri" cites  Martin v. Family and Protective Services, 176 S.W.3d 390 (Tex. App.-Houston [1ˢᵗ Dist, 2004 ])*. However,  these cases cited deal only with "motions for sanctions" made under Sect. 10.002, Tex. Civ. Prac. & Rem. Code ;  None deal with claims governed by Section 41.001, Et  Seq, Tex. Civ. Prac. & Rem. Code, which relates to  "exemplary damages".

There were no motions for sanctions made in trial,  at the time of submission of the case to the jury or in the charge to the jury, and Appellees made no objections to the charge regarding these referenced jury questions. Appellee's complaints about the verdict on this issue have been waived. Rule 274, Tex. R. Civ. P.

E.    APPELLANTS' RESPONSE  TO APPELLEE'S REPLY  POINT THREE

(Appellees' response to Appellants' Point of Error Three)

Appellees ask this  Court to affirm the action of the Trial Court in disregarding the verdict of the jury, which found conspiracy by Appellees and damages to Appellant caused by their conspiracy.

In their brief, Appellants submitted record references to the actions and

conduct by Appellees and their agents and employees that showed the multiple events and things undertaken by Appellees to harm Appellants, including the conspiracy to obtain the properties of Appellants without payment despite the delivery of another of his associates of $ 20,000.00, to pay his auction charges, conspiracy in which Plaintiff/Appellee, BEHRNDT, participated with his associate NIKKI VIARS, to libel and otherwise damage Appellants (RR-V-9, p.204), conspiring to obtain credit against his auction charges by alleging illegal "under the table" payment to GUARDIAN with the fraudulently constructed "affidavit" allegedly made by a then-business associate, "Truong Duong", with the alleged participation of the Constable. All of these conspiratorial acts were conducted by BEHRNDT, BEHR CONSTRUCTION, INC., EZ MANAGEMENT, LLP, and VIARS, who worked together to accomplish their mutual goal to gain a benefit to the damage of Appellants.

As stated elsewhere herein, the intent of the conspirators is shown by their actions, proved by circumstantial evidence that was uncontroverted in trial of this cause.

All of the conspiratorial acts and conduct were shown to have as their principal effect financial benefit to Appellees, delay and damage to Appellants, since the filing and maintaining this lawsuit impacted the conduct of business of Appellees, required the payment of continued business overhead expense without

opportunity to conduct business and dispose of the auction properties, and enabled Appellees to sell and dispose of the properties fraudulently obtained by Appellees without payment.

The Trial Court erred by its failure and refusal to render judgment for the damages caused by the conspiracy of Appellees, as found by the jury. The Trial Court may not disregard jury findings that are supported by the evidence. Rule 301, Tex. R. Civ. P.; *Spencer v. Eagle Star, 876 S.W. 2d 154 (Tex. 1994)*, *White v. SW Bell Tel. Co., 651 S.W. 2d 260 (Tex. 1978)*.

F.     APPELLANTS' RESPONSE  TO APPELLEE'S REPLY  POINT FOUR (Appellees' response to Appellants' Points of Error Six)

Appellees contend that no "substantive" liability finding against BEHRNDT or EZ MANAGEMENT, or there is "insufficient evidence" that  BEHRNDT was the "alter ego" or "responsible"  for the conduct of BEHR CONSTRUCTION, INC.  or EZ MANAGEMENT , LLC.

The instruction to the Jury advised the BEHRNDT is responsible if they follow the specific items  in the instruction; this will require the finding of "substantive" facts. See the jury question and instructions (See Clerk's Record CR-V1-p.305). The jury instruction required them to find:

a.     BEHRNDT caused BEHR CONSTRUCTION, INC.  or EZ MANAGEMENT

to be used to defraud GUARDIAN, or

b.    Actually perpertrated actual fraud on GUARDIAN, and

c.    BEHRNDT caused BCI or EZ to perpertrate fraud against GUARDIAN for his direct personal benefit.

The jury was further charged to answer the questions propounded regarding the "alter ego" issue, with the accompanying instructions:

BEHRNDT is responsible if you find:

a.    BEHR CONSTRUCTION or EZ MANAGEMENT were organized and operated as a mere tool  or business conduit of BEHRNDT, or

b.    If there was such unity between them that the separateness  had ceased and holding only BCI or EZ responsible would result in injustice , or

c.    If  BEHRNDT caused BCI or EZ to be used for the purpose of perpetuating and did perpetuate actual fraud on GUARDIAN for the direct personal benefit of BEHRNDT;

d.    The Jury was also instructed to consider (1) the separateness of the property of the parties; (2) the financial ownership and control BEHRNDT maintained over the companies and (3) whether the companies had been used for his personal purposes.

Based on the jury questions and instructions, there is ample evidence in the

record to support the verdict findings that BEHRNDT is the alter-ego of both companies and is responsible for their conduct, as well as his own conduct. Supporting evidence includes the following:

1.      ERIC BEHRNDT, individually filed this case and later brought in all other plaintiffs.( CR-p 6; CR-p 105);

2.      BEHRNDT individually bid in and took receipt for the properties at the constable's auction sale, although  he had led his partners to believe he was purchasing for their group. ( RR-V-10, pp 11-12); (Plaintiffs' Exh.10, RR-V-14, p124).

3.      ERIC BEHRNDT individually took possession of the properties GUARDIAN allowed him to have after the auction,  based on his representation he would return and pay for the moving and storage charges due on the properties;

4.       ERIC BEHRNDT  received and kept a $20,000.00 cash payment that his business associate, Truong Duong, provided, through EZ MANAGEMENT cash facilities, that was intended by his partners/fellow shareholders to be paid on the Guardian charges. This money was not ever booked or returned back to EZ MANAGEMENT, but was kept by BEHRNDT.(V10, p-24, l-8-10).

5.      ERIC BEHRNDT individually owned BEHR CONSTRUCTION, INC.,  and after taking out his "partners" or fellow shareholders by threats and extortion,

after he and his associates defrauded and conspired to damage Appellants, he was also the sole owner of EZ MANAGEMENT, LLC. ( RR-V-10, p-30-34).

6.      ERIC BEHRNDT individually arranged an "output contract" with his other partner, Truong Duong (Micro-Machines LLC) by extortion and threats of criminal charges. (RR-V-9, p.202, l-1-12);

7.      ERIC BEHRNDT, in fraud and conspiracy with his associates, including Nickki Viars, his female business associate, prepared a fraudulent "affidavit" by multi-staged electronic copying of a document  to fraudulently misrepresent a document to be an "affidavit" of Truong Duong, the principal of Micro-Machines and debtor in the execution process. (RR-V-9, p-216-217), to support the fraudulent allegation of illegal acts by the constable  and Guardian (RR-V-9, p-204) in an effort to extort credit on his auction bid charges.

The record clearly shows that BEHRNDT individually controlled and operated BEHR CONSTRUCTION, INC. and EZ MANAGEMENT, LLC, all of the entities in this cause, he operated them solely for his own individual benefit, and individually filed, maintained and perpetuated this frivolous suit, individually took advantage of every opportunity to benefit himself personally, eliminated his fellow business shareholders/partners, kept all of the properties Guardian allowed him to take after

the auction, without payment, on the fraudulent representation that he would return and pay the charges and obtain the balance of the auction properties, and many if not all of the properties he sold. None of the evidence provided in trial by Guardian or other witnesses, as to the fact that BEHRNDT was individually taking the actions taken, was ever controverted by BEHRNDT, either individually or as an officer of BEHR CONSTRUCTION, INC., or EZ MANAGEMENT, LLC. No evidence was introduced to show that any of the actions taken in the events of this case were allegedly corporate actions, rather than actions by BEHRNDT in his individual capacity.

**PRAYER FOR RELIEF**

NOW COME GUARDIAN TRANSFER & STORAGE, INC. and STUART C. STAUFFACHER, Appellants, and pray the Nunc Pro Tunc Amended Final judgment of the Trial Court, dated July 18, 2014, be reversed, amended and rendered as follows:

1. The Nunc Pro Tunc Amended Final judgment dated July 18, 2014, finding by the Trial Court of "no evidentiary support for Jury Answers to Questions 42 and 43" be stricken and set aside, and the judgment that Counter-Plaintiffs take nothing from ERIC BEHRNDT individually be reversed, amended and set aside, and instead confirm the jury verdict that ERIC BEHRNDT is the

Alter Ego of BEHR CONSTRUCTION, INC. and EZ MANAGEMENT, LLC and is individually responsible for his conduct and the conduct of both entities, as found by the jury, and that judgment be entered that BEHRNDT is individually responsible for the judgments against him and against those entities;

2. The Nunc Pro Tunc Amended Final judgment be reversed, amended and rendered to provide for and award judgment to Appellants against ERIC BEHRNDT, individually, in addition to the liability of BEHR CONSTRUCTION, INC., for all damages determined by the jury, including, without limitation, damages for lost profits both in the past and in the future, and for lost market value of $ 1,200,000.00, as found by the jury;

3. The Nunc Pro Tunc Amended Final judgment be reversed, amended and rendered to provide judgment of individual, joint and several liability of ERIC BEHRNDT, in addition to the liability of BEHR CONSTRUCTION, INC., for recovery by Counter-Plaintiffs/Appellants GUARDIAN TRANSFER & STORAGE, INC., and STUART C. STAUFFACHER, of their attorney fees through trial and all appeals;

4. The Nunc Pro Tunc Amended Final judgment be reversed, amended and rendered to award judgment for Counter-Plaintiffs/Appellants providing for

individual, joint and several liability of ERIC BEHRNDT, in addition to the liability of BEHR CONSTRUCTION, INC., for all pre-judgment interest at the rate of 5 Percent per annum from May 26, 2011 and post-judgment interest at the legal rate provided by law, on all damages awarded to Appellants in this cause, including, without limitation, damages for lost profits both in the past and in the future and for lost market value;

5. The Nunc Pro Tunc Amended Final judgment be reversed and rendered to provide individual, joint and several liability of ERIC BEHRNDT, in addition to the liability of BEHR CONSTRUCTION, INC., for all costs of Court in this cause;

6. The Nunc Pro Tunc Amended Final judgment be reversed, amended and rendered to provide that Appellant GUARDIAN have judgment against ERIC BEHRNDT individually for damages from conspiracy in the amount of $1,650,000.00, as found by the jury;

7. The Nunc Pro Tunc Amended Final judgment be reversed, amended and rendered to award judgment against BEHRNDT and BEHR CONSTRUCTION, INC. for attorney fees awarded for trial of this cause shall be allocated in the amounts found the jury, in the original amount of $165,000.00 to BEHRNDT, $110,000.00 to BEHR CONSTRUCTION, INC., and -0- to EZ MANAGEMENT, LLC.;

8. The Nunc Pro Tunc Amended Final judgment be reversed, amended and rendered to provide for judgment against ERIC BEHRNDT and BEHR CONSTRUCTION, INC., individually, jointly and severally, for GUARDIAN TRANSFER & STORAGE, INC. in the amount of $ 300,000.00, and for STUART STAUFFACHER in the amount of $ 200,000.00 for their actual damages for the filing of this suit merely for purposes of harassment;

9. The Nunc Pro Tunc Amended Final judgment be reversed, amended and rendered to provide that counterplaintiffs GUARDIAN MOVING & STORAGE, INC. and STUART C. STAUFFACHER have judgment against ERIC BEHRNDT in the amount of $ 2,000,000.00 and against BEHR CONSTRUCTION, INC. in the amount of $ 1,000,000.00 for the exemplary damages found by the jury;

Appellants further pray to have their costs in this matter expended and such other relief as this Court shall find appropriate to grant.

Respectfully submitted,

/S/Raymond H. Stauffacher, Jr.
Raymond H. Stauffacher, Jr.
14825 St. Mary's Lane, Suite 105
Houston, Texas 77079-2912
Tel. 713-365-9009; Fax. 713-365-0005
State Bar No. 19084000
Attorney for Appellants

**APPENDIX**

Charge To The Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . Clerk's Record Page 281

Amended Final Judgment . . . . . . . . . . . . . . . . . . . . . Clerk's Record-Supplement

**CERTIFICATE OF COMPLIANCE**

I hereby certify compliance with Rule 9, T.R.A.P. regarding 14- Point Type Font and Word Count: Word Count is 5499.

/S/Raymond H. Stauffacher, Jr.
Raymond H. Stauffacher, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of May, 2015, a true and correct copy of the foregoing Reply Brief Of Appellant, was forwarded to Appellee/Cross-Appellant, by and through counsel, Warren Taylor, 815 Walker, Suite 250, Houston, Texas 77002, in accordance with Rule 21a T.R.C.P..

/S/Raymond H. Stauffacher, Jr.
Raymond H. Stauffacher, Jr.