Suhas MANTRI, M.D., Appellant

v.

Andrew A. BERGMAN, Bergman
& Bird, L.L.P., and Angela
Allen, Appellees.

No. 05–04–00164–CV.

Court of Appeals of Texas,
Dallas.

Jan. 20, 2005.

Carl David Adams, Dallas, for Appellant.

Andrew A. Bergman, Paul A. Sartin, Bergman, Stein & Bird, L.L.P., Dallas, for Appellees.

Before Justices RICHTER, LANG, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

In this case, we must determine whether a claim under chapter 10 of the Texas Civil Practice and Remedies Code for sanctions for frivolous litigation may be brought in an independent lawsuit in a different court and county from the underlying litigation. The Dallas County trial court concluded it lacked jurisdiction over a frivolous litigation claim concerning a lawsuit filed in Denton County, and the Dallas County court dismissed the claim for lack of subject matter jurisdiction. Suhas Mantri, M.D. appeals the dismissal of his claim, and we affirm.

## BACKGROUND

In 2002, Angela Allen, represented by Andrew A. Bergman and Bergman & Bird, L.L.P., sued Mantri and other health care providers in Denton County district court for medical malpractice. Allen nonsuited Mantri, the last of the defendants in the Denton County suit, in December 2002.

No other action occurred in Denton County. In August 2003, Mantri sued appellees in district court in Dallas County, asserting as his sole cause of action a violation of chapter 10 of the Texas Civil Practice and Remedies Code. Initially, Mantri obtained a default judgment against appellees, but they timely filed a motion for new trial and plea to the jurisdiction. After a hearing, the trial court granted the motion for new trial, sustained the plea to the jurisdiction, and dismissed Mantri's suit for want of jurisdiction.

## STANDARD OF REVIEW

■ A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Osburn v. Denton County*, 124 S.W.3d 289, 292 (Tex.App.-Fort Worth 2003, pet. filed). "In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002) (citing *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001); *Blue*, 34 S.W.3d at 554–55). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial judge's ruling on a plea to the jurisdiction. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

## SANCTIONS AS A CAUSE OF ACTION

In his second issue, Mantri asserts the trial court erred by concluding that a party seeking sanctions for frivolous litigation under chapter 10 of the Texas Civil Practice and Remedies Code had to bring the motion for sanctions in the same action as

the frivolous litigation and could not seek sanctions as an independent cause of action in a separate lawsuit.

Section 10.001 of the Texas Civil Practice and Remedies Code provides that a person signing a motion or pleading certifies that "to the signatory's best knowledge, information, and belief, formed after reasonable inquiry": (1) the motion or pleading is not presented for an improper purpose, (2) each legal contention is warranted, (3) each factual contention is likely to have evidentiary support, and (4) each denial of a factual contention is warranted. TEX. CIV. PRAC. & REM.CODE ANN. § 10.001 (Vernon 2002). If there has been a violation of section 10.001, then "[a] party may make a motion for sanctions" or the court on its own initiative may issue a show cause order. *Id.* § 10.002. "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." *Id.* § 10.004(a). "The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* § 10.004(b). The sanction may include "(1) a directive to the violator to perform, or refrain from performing, an act; (2) an order to pay a penalty into court; and (3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees." *Id.* § 10.004(c). If the court determines that section 10.001 has been violated and that a sanction should be imposed, then the "court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." *Id.* § 10.005.

■ Mantri asserts chapter 10 provides a litigant with an independent cause of action that may be asserted against an opposing party who files a frivolous lawsuit. We disagree. Section 10.002 specifically states that a party may file a "motion" for sanctions. TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(a). Nowhere does chapter 10 permit a party to bring an independent cause of action for sanctions. *See Martin v. Tex. Dept. of Family & Protective Servs.*, No. 01–03–01111–CV, 2004 WL 1945255, at *2 (Tex.App.-Houston [1st Dist.] Aug. 31, 2004, no pet.) (observing that chapter 105 of Texas Civil Practice & Remedies Code "allow[s] a 'motion' for sanctions, not an affirmative 'claim' ").

■ The Texas courts have treated proceedings for sanctions as motions, not as independent causes of action. Unlike a pending cause of action, a pending motion for sanctions does not make interlocutory an otherwise-final judgment. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex.2000) ("a judgment does not have to resolve pending sanctions issues to be final"); *In re T.G.*, 68 S.W.3d 171, 179 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (opinion on mtn. for reh'g) (citing *Lane Bank Equip. Co.*). If a motion for sanctions is pending when a final judgment is signed, the trial court has until the expiration of its plenary power, 30 to 105 days, to enter an order on the motion or it loses jurisdiction to do so. *See Scott & White Mem. Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex.1996) (per curiam) (trial court had jurisdiction to impose sanctions under rule 13 during its plenary power); *Martin*, 2004 WL 1945255, at *2 (trial court lost jurisdiction to rule on motion for sanctions under chapter 105 of Texas Civil Practice & Remedies Code 30 days after final order granting nonsuit); *Kenseth v. Dallas County*, 126

S.W.3d 584, 599–600 (Tex.App.-Dallas 2004, pet. denied) (vacating sanctions imposed after trial court lost plenary jurisdiction 105 days after final judgment). When a motion for sanctions is filed following the entry of a final judgment, the motion is treated as a motion to modify, correct, or reform the existing judgment within the meaning of rule of civil procedure 329b(g). *Lane Bank Equip. Co.,* 10 S.W.3d at 312.

■ As these authorities show, there is no precedent in Texas for treating motions for sanctions as independent causes of action. As this Court stated in *Kenseth,*

A sanctions order must be tied to the portion of the proceedings in which the sanctionable conduct occurred. In this instance, all the conduct sanctioned by the trial court in Essenburg Order No. 9 occurred prior to the entry of the court's final order, Essenburg Order No. 8. Therefore, both the conduct and the resulting sanctions were tied to the court's power to issue the order disbursing the funds in its registry as required by its mandate. Once the court's plenary power over that portion of the postjudgment proceedings had expired, the court had no more power to sanction for conduct within those proceedings.

*Kenseth,* 126 S.W.3d at 600 (footnote omitted). Likewise, a motion for sanctions for frivolous litigation under chapter 10 must be tied to the allegedly frivolous litigation and cannot be brought as an independent cause of action. We resolve Mantri's second issue against him.

In his first issue, Mantri asserts the trial court erred in granting appellees' plea to the jurisdiction because the court had subject matter jurisdiction over the motion for sanctions. Mantri argues that appellees' arguments went to the merits of the motion and not to the trial court's jurisdiction to rule on the motion. We disagree. Appellees asserted the proceeding for sanctions could not be brought as an independent cause of action separate from the allegedly frivolous litigation. Thus, appellees challenged the court's authority to rule on the motion.

■■ The only court with jurisdiction over a request for sanctions (whether styled as a motion or otherwise) under chapter 10 is the court where the allegedly frivolous litigation was pending, and then only while that court has plenary jurisdiction over the cause in which the allegedly frivolous litigation was pending. In this case, the allegedly frivolous litigation was before the Denton County district court. Appellant, however, did not file a motion for sanctions before the Denton County court but attempted to pursue sanctions in Dallas County district court. Because the allegedly frivolous litigation in this case was never before the Dallas County district court, that court lacked jurisdiction over any proceeding for sanctions concerning the allegedly frivolous litigation. We conclude the trial court did not err by sustaining appellees' plea to the jurisdiction. We resolve Mantri's first issue against him.

We affirm the trial court's judgment.