Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00122-CV

Nancy K. **ALANIS**,
Appellant

v.

Edward F. **VALDESPINO**, Strasburger & Price, LLP, & Artemio A. Alanis, Jr.,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-07570
Honorable David A. Berchelmann, Jr., Judge Presiding[1]

Opinion by:      Steven C. Hilbig, Justice

Sitting:           Catherine Stone, Chief Justice
                    Sandee Bryan Marion, Justice
                    Steven C. Hilbig, Justice

Delivered and Filed:  May 23, 2012

AFFIRMED IN PART; REVERSED IN PART

Nancy K. Alanis sued Edward F. Valdespino and Strasburger & Price, LLP, asserting

seven claims based on allegations that she was wrongfully deprived of payment of a portion of

the proceeds awarded in a separate condemnation proceeding. Nancy also sued Artemio A.

Alanis, Jr. for fraud and conversion based on the same allegations. Two claims were dismissed

---

[1] The Honorable Renée F. McElhaney signed the order granting the partial summary judgment as to the professional malpractice, negligence, and gross negligence claims. The Honorable Johnny D. Gabriel, Jr. signed the order granting the special exceptions as to the breach of contract and breach of fiduciary duty claims. The Honorable David A. Berchelmann, Jr. signed the order denying the motion to amend pleadings and the final summary judgment as to the remaining claims.

when Nancy failed to timely amend her pleadings after the trial court granted special exceptions, and summary judgment was granted as to the remaining claims. We reverse the summary judgment as to Nancy's claim against Artemio for conversion, and we affirm the remainder of the trial court's judgment.

## BACKGROUND

Nancy and Artemio were divorced in 1993. Although the divorce decree awarded Artemio ownership of a certain tract of land located on Eckhert Road, the property description in the divorce decree was defective, and the divorce decree was not recorded in the real property records. As a result, when a school district sought to acquire the property by eminent domain, the condemnation proceeding was filed against Nancy and Artemio as joint owners.

Nancy contends that Artemio was not satisfied with the school district's offer of $160,000 and requested her assistance to sell the property for a greater amount. Artemio allegedly agreed to pay Nancy any amount she was able to obtain in excess of $160,000. Ultimately, a panel of special commissioners awarded Nancy and Artemio $230,000 in damages and $5,500 in costs. The commissioners' award was signed on February 19, 2003, and the money was deposited into the registry of the court.

On March 12, 2004, Valdespino filed a notice of appearance on behalf of Nancy and Artemio. Valdespino then filed a motion to withdraw the funds. The trial court signed an order on April 12, 2004, disbursing $230,500 of the proceeds, but retained $5,000 until a judgment lien against the property was released. The check for the disbursement was made payable to Nancy and Artemio and was deposited into Strasburger & Price's trust account. In June of 2004, Strasburger & Price issued a check payable to Nancy and Artemio in the amount of $55,000, and in February of 2005, Strasburger & Price issued a check payable to Nancy and Artemio in the

amount of $90,000.[2]   Both checks contain two endorsements; however, Nancy alleges her signature was forged.  The checks were deposited into Artemio's bank account.

Nancy sued Valdespino and Strasburger & Price for breach of fiduciary duty, breach of contract, fraud, negligence, gross negligence, groundless legal action, and professional malpractice.  Nancy also sued Artemio for fraud and conversion.  Pursuant to a discovery control plan order, the deadline for Nancy to amend her pleadings was February 23, 2010, the deadline for Nancy to designate expert witnesses was April 12, 2010, and the discovery deadline was July 16, 2010.  The discovery deadline was subsequently extended to January 17, 2011.

On September 13, 2010, Valdespino and Strasburger & Price filed a motion for traditional and no evidence summary judgment.  With regard to Nancy's negligence, gross negligence and professional malpractice claims, the motion asserted that no evidence existed to show: (1) the alleged conduct fell below the applicable standard of professional care; (2) the alleged conduct violated any duty or obligation owed to Nancy; and (3) any alleged act or omission was a cause in fact of injury or damage to Nancy.  The trial court granted a partial summary judgment as to those claims on October 26, 2010.

On November 8, 2010, Valdespino and Strasburger & Price filed special exceptions with regard to Nancy's breach of fiduciary duty and breach of contract claims.  The trial court granted the special exceptions and ordered Nancy to amend her pleadings by November 29, 2010, or those claims would be dismissed.  On December 14, 2010, Nancy filed a motion for leave to amend her pleadings; however, the trial court denied the motion.

On January 6, 2011, Valdespino and Strasburger & Price filed a second motion for traditional and no evidence summary judgment, which Artemio joined.  With regard to Nancy's

---

[2] Because Nancy only alleged entitlement to either: (1) $75,500 (the amount of the condemnation award in excess of $160,000); or (2) $115,250 (one-half the condemnation award), we do not address the disbursement of the remaining balance in the trust account since the two checks made jointly payable to Nancy and Artemio total $145,000.

fraud claim, the motion asserted: (1) that Nancy endorsed the checks that were jointly payable to her and Artemio or, in the event her signature was forged, a criminal act was a superseding cause of her injuries; and (2) the fraud claim was barred by res judicata. With regard to Nancy's "groundless pleading" claim, the motion asserted that the pleading was not groundless since the trial court entered a judgment nunc pro tunc based on the pleading or, alternatively, the trial court in the underlying cause had no jurisdiction to consider the claim because it should have been filed in the divorce proceeding in which the alleged "groundless" pleading was filed. In addition to joining Valdespino and Strasburger & Price's motion, Artemio filed a no-evidence motion for summary judgment as to the fraud and conversion claims asserted against him. Both motions were heard on February 1, 2011, and the trial court signed a final judgment, granting the summary judgment as to the remaining claims. Nancy timely filed this appeal.

## MOTION FOR LEAVE TO AMEND PLEADINGS

In her first issue, Nancy contends the trial court erred in denying her motion for leave to amend her pleadings. Nancy filed the motion on December 14, 2010, seeking to amend her pleadings in response to the trial court's order granting special exceptions. The special exceptions were filed on November 8, 2010, asserting that Nancy's breach of fiduciary duty and breach of contract claims were an impermissible attempt to fracture a professional negligence case into multiple causes of action. The trial court signed its order granting the special exceptions on November 16, 2010, and ordered Nancy to amend her pleadings by November 29, 2010, or the claims would be dismissed.

In her motion for leave to amend her pleadings, Nancy asserted that both the special exceptions and the trial court's order were placed in the wrong post office box, and she did not receive the documents until December 1, 2010. Nancy's motion, however, only addresses her

breach of fiduciary duty claim, arguing that it is independent from a professional negligence claim. Valdespino and Strasburger & Price filed a response to the motion, attaching excerpts from Nancy's April 2009 deposition, in which she testified that she routinely had problems not getting her mail at her post office box. The trial court denied Nancy's motion.

In her brief, Nancy argues the trial court should have granted her motion for leave to amend her pleadings because she did not timely receive the documents.[3] However, Nancy fails to explain the reason she waited fourteen days to file her motion after she admits receiving the trial court's order which contained a November 29, 2010, deadline. Moreover, the trial court's order denying her motion does not state that the motion was denied based on Nancy's failure to timely file the amended pleading. The trial court could have determined that Nancy's motion failed to demonstrate that her amended breach of fiduciary duty claim allegations were independent from her professional negligence claim. *See Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (plaintiff not allowed to fracture legal malpractice claim). Because Nancy fails to brief how such a ruling would have been an abuse of the trial court's discretion, we cannot conclude the trial court's denial of her motion was erroneous.

#### SUMMARY JUDGMENT

In her second issue, Nancy argues that Valdespino's affidavit and admissions in response to discovery contain false statements; however, Nancy fails to address how these statements, if false, made summary judgment on any of her claims erroneous. Nancy's argument alludes to the res judicata and collateral estoppel grounds raised in one of the summary judgment motions and conflicting orders on the issue of "remaining funds," but fails to explain how the allegedly false

---

[3] Nancy also argues that the trial court erred in striking the affidavit of the post office manager regarding the delay in the mail delivery. Because we overrule Nancy's issue for other reasons, we need not address whether the trial court erred in striking the affidavit.

statements resulted in error. In her third issue, Nancy contends the trial court erred in failing to give weight to her affidavit. In arguing this issue, Nancy asserts her affidavit established fact issues precluding summary judgment and alludes to her fraud, conversion, and breach of contract claims. In her fourth issue, Nancy asserts summary judgment would not have been proper on the grounds of res judicata or collateral estoppel because the condemnation proceeding was non-suited. In her fifth issue, Nancy contends summary judgment was improper on her "groundless pleading" claim without giving her the opportunity to amend her pleading. Finally, Nancy contends a no evidence summary judgment was improper because the summary judgment was granted before the amended discovery deadline. We construe these issues as a general challenge to the trial court's granting of summary judgment as to each of Nancy's claims with the exception of her breach of contract and breach of fiduciary duty claims which were dismissed because Nancy failed to timely amend her pleadings after special exceptions were granted.

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We will affirm a traditional summary judgment only if the movant established there are no genuine issues of material fact and it is entitled to judgment as a matter of law on the grounds expressly set forth in the motion. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). We will affirm a judgment based on a no-evidence motion if the non-movant failed to present more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the evidence in favor of the nonmovant. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

A.    Professional Malpractice/Negligence/Gross Negligence

One of the grounds asserted in the motion for summary judgment pertaining to Nancy's claims for professional malpractice, negligence and gross negligence was that no evidence existed that the alleged conduct fell below the applicable standard for professional care. "In Texas, a lawyer is held to the standard of care that would be exercised by a reasonably prudent attorney." *Hall v. Rutherford*, 911 S.W.2d 422, 424 (Tex. App.—San Antonio 1995, writ denied). Accordingly, expert testimony of an attorney is necessary to establish the applicable standard of care and whether the standard of care was breached. *See Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 530 (Tex. App.—Austin 2004, no pet); *Jatoi v. Decker, Jones, McMackin, Hall & Bates*, 955 S.W.2d 430, 434 (Tex. App.—Fort Worth 1997, pet. denied); *Hall*, 911 S.W.2d at 424.

In response to the no evidence motion, Nancy failed to produce any expert testimony. Although Nancy contends in her brief that the discovery deadline, as extended by the amended docket control order, had not passed, the deadline for Nancy to designate expert witnesses had expired by approximately five months before the motion was filed. Accordingly, the trial court did not err in granting summary judgment as to these claims.

B.    Groundless Legal Action

In her "groundless legal action" claim, Nancy contends she was damaged by the untimely filing of a motion to enter a nunc pro tunc judgment in the divorce proceeding. In the motion for summary judgment, the following grounds were asserted with regard to this claim: (1) a motion for a nunc pro tunc is never barred by the passage of time; (2) the motion could not be groundless since the trial court granted it in the divorce proceeding; and (3) the trial court in the

instant proceeding did not have jurisdiction to consider whether a motion in the divorce proceeding was frivolous.

It is "well-settled law that the non-movant is required to negate on appeal any grounds upon which the trial court could have rendered judgment." *Flack v. Hanke*, 334 S.W.3d 251, 259 (Tex. App.—San Antonio 2010, pet. denied). "Absent such action by the non-movant, an appellate court will affirm the summary judgment if any one of the theories advanced is meritorious." *Id.*

In her brief, Nancy contends summary judgment was improper as to her groundless legal action claim because: (1) the pleading was evidence of Valdespino's fraudulent acts; (2) the judgment nunc pro tunc clouded her title to other property; and (3) summary judgment was improper based on a pleading deficiency. Accordingly, Nancy's brief does not address any of the grounds which were asserted as the basis for summary judgment as to Nancy's claim; therefore, we determine if any of the grounds advanced was a proper basis for granting the summary judgment.

In *Mantri v. Bergman*, the issue presented was whether a claim under chapter 10 of the Texas Civil Practice and Remedies Code for sanctions for frivolous litigation could be brought in an independent lawsuit. 153 S.W.3d 715, 716-17 (Tex. App.—Dallas 2005, pet. denied). The trial court dismissed the claim for lack of jurisdiction. *Id.* The Dallas court of appeals affirmed, holding, "a motion for sanctions for frivolous litigation under chapter 10 must be tied to the allegedly frivolous litigation and cannot be brought as an independent cause of action." *Id.*

In *Greene v. Young*, one of the issues presented was whether the trial court had jurisdiction to order sanctions in a family law case based on a motion filed in federal bankruptcy court. 174 S.W.3d 291, 294 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The trial court

imposed sanctions, and the appellate court reversed, holding the trial court in the family law case was without jurisdiction to impose Rule 13 sanctions based on the bankruptcy court filing. *Id*. at 302-03. The court reasoned, "[A]ny motion for sanctions seeking to have a filing in a federal bankruptcy court declared groundless, harassing, frivolous, or similarly so, should be brought in the bankruptcy court." *Id*. at 302.

Although Nancy sought to recover damages as opposed to sanctions based on her groundless legal action claim, we believe the analysis in *Mantri* and *Greene* is applicable. A claim that a pleading filed in a court is groundless must be asserted in the cause in which the pleading is filed not as a separate cause of action in a different lawsuit. Accordingly, the trial court could have properly granted summary judgment as to this claim on the basis that the trial court lacked jurisdiction to consider it.

### C. Fraud

A party must prove proximate cause and damages to recover on a fraud claim. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992); *S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 856 (Tex. App.—Dallas 2011, no pet.). With regard to Nancy's fraud claim, the summary judgment motion initially asserted the absence of damages as a matter of law. In support of this ground, evidence was presented that two checks were made jointly payable to Nancy and Artemio which were endorsed with two signatures. Nancy testified in her deposition that she would not have suffered any damages if she had received the checks. However, Nancy also testified that her signatures on the checks were forged.

#### 1. Superseding Cause

Anticipating Nancy's allegation of forgery, the summary judgment motion alternatively asserted that any forgery would be a superseding cause of Nancy's damages. As previously

noted, proximate cause is one element of a fraud claim. *S & I Mgmt., Inc.*, 331 S.W.3d at 856. The components of proximate cause are cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Generally, third-party criminal conduct is a superseding cause of damage unless the criminal conduct is a foreseeable consequence of the party's actions. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 550 (Tex. 1985). Foreseeability means the actor should anticipate the dangers a person of ordinary intelligence would anticipate. *Nixon*, 690 S.W.3d at 549-50.

In her deposition, Nancy testified that the only person who could have forged her signature was Artemio. Valdespino states in his affidavit that he had no basis for believing that Artemio would forge Nancy's name on the joint check. Nancy offered no summary judgment evidence to controvert this statement, and the summary judgment evidence does not raise any fact issue in this regard. Accordingly, the trial court properly granted summary judgment in favor of Valdespino and Strasburger & Price with regard to Nancy's fraud claim. However, because the summary judgment evidence raises a fact issue as to whether Artemio is liable for fraudulently endorsing Nancy's signature on the joint checks, summary judgment was not proper as to Artemio on this ground.

### 2. Res Judicata

Prior to conclusion of the condemnation proceeding through a non-suit, Nancy filed in that proceeding a "Response to Hearing to Dismiss and Motion to Request Court to Award and Distribute Remaining Eminent Domain Funds before Dismissing Case and Motion for Sanctions" on April 15, 2008. In this motion, Nancy asserted claims relating to her alleged agreement with Artemio regarding her right to the portion of the condemnation proceeds in excess of $160,000. Nancy's motion also alleged the following:

3.9 On or about 2004 and without notice to Nancy K. Alanis of the same, Artemio A. Alanis, Jr. withdrew the approximate $240,000 eminent domain funds from the Bexar County Court Registry and a balance of approximately $5,300 remained in the Court Registry and still remains through April 2008;

3.10 Following the withdrawal of the approximate $240,000 in eminent domain funds, Artemio A. Alanis, Jr. never provided any distribution of said funds to Nancy K. Alanis as agreed nor did he disclose to Nancy K. Alanis the existence of the $5,300 balance of said Eminent Domain funds remaining in the Bexar County Court Registry;

Nancy's motion then alleged a claim for fraud and a claim for conspiracy based on various actions taken by Artemio in relation to the condemnation proceeds. At the time Nancy filed her motion in April 2008 in the condemnation proceeding, the court order directing the distribution of the $240,000 in proceeds payable to both Nancy and Artemio had been on file for four years.

Res judicata bars assertion of a claim in a subsequent case when (1) there is a prior final determination on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Res judicata precludes the relitigation of claims that were finally adjudicated "as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1991). Texas follows the transactional approach to res judicata barring claims arising out of the transaction or occurrence that is the subject matter of the first suit. *State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001). As the Texas Supreme Court has explained, "[m]odern rules of procedure obviate the need to give parties two bites at the apple … to ensure that a claim receives full adjudication." *Barr*, 837 S.W.2d at 631.

At the time Nancy filed her motion in the condemnation proceeding, she knew that $240,000 of the proceeds had been withdrawn, and she had not been paid. In her motion, Nancy

asserted a claim for fraud against Artemio in relation to this transaction or occurrence. In her affidavit, Nancy states that at the time she filed the motion, she was unaware of the trial court's order directing the disbursement of the proceeds to Nancy and Artemio jointly; therefore, she did not make specific fraud allegations in her motion pertaining to the trial court's order. However, the court's order was a public record which was on file for four years and which Nancy could have discovered with the use of diligence. *See Barr*, 837 S.W.2d at 628 (stating res judicata bars related matters that, with the use of diligence, should have been litigated in prior suit). Finally, the trial court in the condemnation proceeding heard the merits of Nancy's motion and denied it. Because a final determination on the merits of Nancy's fraud claim relating to the disbursement of the condemnation proceeds was made in the condemnation proceeding, Nancy is not entitled to relitigate her fraud claim against Artemio in the underlying cause. Accordingly, the trial court properly granted summary judgment on that claim based on res judicata.

D.    Conversion

The only summary judgment motion pertaining to Nancy's conversion claim is Artemio's no-evidence motion for summary judgment. In his motion, Artemio asserts that Nancy could not produce any evidence to support any of the following elements necessary to maintain an action for conversion: "(1) [Nancy] owned, possessed or had the right of immediate possession to the property; (2) the property was personal property; (3) [Artemio] wrongfully exercised dominion or control over the property; and (4) [Nancy] suffered injury." *See Akin v. Santa Clara Land Co., Ltd.*, 34 S.W.3d 334, 344 (Tex. App.—San Antonio 2000, pet. denied) (listing elements of conversion claim). The summary judgment evidence before the trial court at the hearing on Artemio's motion included the two checks from Strasburger & Price jointly payable to Nancy and Artemio which were delivered to Artemio. In her affidavit and in her deposition, Nancy

testified that no Strasburger & Price checks were delivered to her or endorsed by her. Nancy also testified in her deposition that she notified Artemio after she discovered her signature had been forged on the two checks. This evidence is more than a scintilla of probative evidence on the elements of Nancy's conversion claim challenged in Artemio's motion. *See Ford Motor Co.*, 135 S.W.3d at 600. Checks jointly payable to Nancy and Artemio were delivered to Artemio and deposited or cashed, and Nancy states in her affidavit and deposition that she did not endorse the checks. Accordingly, summary judgment was not proper as to Nancy's claim against Artemio for conversion.

## CONCLUSION

The trial court's judgment is reversed as to Nancy's claim against Artemio for conversion, and that claim is remanded to the trial court for further proceedings. The remainder of the trial court's judgment is affirmed.

Steven C. Hilbig, Justice