**Order filed August 25, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00118-CV

_____

## RAFAEL MATA AND RAFAEL FELIX MATA, Appellants

## V.

## JOSE VELAZQUEZ, SR., Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV36750**

## O R D E R

Rafael Mata and Rafael Felix Mata, Appellants, filed a notice of appeal after the trial court entered an order granting a no-evidence motion for summary judgment filed by Jose Velazquez, Sr., Appellee. After the clerk's record was filed, we sent a letter to the parties and expressed some concern about the finality of the trial court's summary judgment order because (1) the summary judgment order does not expressly indicate that it is final and appealable and (2) nothing in the clerk's record indicates that Appellee's counterclaims have been disposed of. Appellants filed a response to this court's letter. In their response, Appellants explained that they believed the summary judgment order to be final and appealable, in part, because

Appellee's only claim—for sanctions and attorney's fees—was not severable from the main action. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000) (noting that "a judgment does not have to resolve pending sanctions issues to be final"); *see Mantri v. Bergman*, 153 S.W.3d 715, 717 (Tex. App.—Dallas 2005, pet. denied). However, Appellee later informed this court that he did not believe that the trial court's summary judgment order was a final, appealable order. Because the parties disagree and because it is not clear from the language of the trial court's order whether it intended to dispose of all parties and all claims, we abate this appeal so that the trial court may clarify the matter.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final and appealable if it disposes of all parties and all claims in the case. *Lehmann*, 39 S.W.3d at 195. In this case, the trial court's summary judgment order contains a "Mother Hubbard" clause but does not contain the finality language suggested by the Texas Supreme Court in *Lehmann*: "This judgment finally disposes of all parties and all claims and is appealable." *See id.* at 201, 206. When "the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Id.* at 206. That is the situation here.

Consequently, we abate this appeal pursuant to *Lehmann* and direct the trial court to clarify its intent regarding the finality of its judgment in this cause. A supplemental clerk's record containing the trial court's order of clarification is due to be filed in this court on or before September 30, 2022.

The appeal is abated.


August 25, 2022                                        PER CURIAM

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2