**In the**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00254-CV**
_____

**MARK THUESEN, Appellant**

**V.**

**DAVID ROBERT SCOTT, Appellee**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 22-03-03383-CV

**OPINION**

In this accelerated interlocutory appeal, Appellant Mark Thuesen challenges the trial court's order denying his Motion to Dismiss pursuant to the Texas Citizens' Participation Act ("TCPA"). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011, 51.014(a)(12) (authorizing interlocutory appeal for order denying TCPA motion to dismiss filed under section 27.003). Thuesen sued David Robert Scott for interference with his possessory right to Thuesen's child. *See* Tex. Fam. Code Ann. §§ 42.001–.003. Scott answered with a General Denial that included a Motion for

1

Sanctions asserting that Thuesen filed a frivolous pleading, which Thuesen asserted constituted a "legal action" and moved to dismiss pursuant to the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. As discussed below, we affirm the trial court's order denying Thuesen's TCPA Motion to Dismiss.

## I. Background

Thuesen and Breanna Ward had a child together but are no longer in a romantic relationship. Scott and Ward are in a relationship, and according to the record Scott is characterized as Ward's "significant other." Thuesen sued Scott for interference with possessory interest in child and alleged that Scott and Ward kept his child from him over the Christmas holidays in 2021 and into 2022 when he was entitled to possession. Thuesen alleged this conduct violated an Agreed Modification of Conservators, Possession and Access Order ("Possession Order") from Montgomery County Court at Law Number 3 ("CCL"). Thuesen further alleged that the CCL ordered the child returned to Thuesen. Thuesen specifically alleged that: Scott violated his rights by retaining possession of the child when Thuesen was entitled to possession; Scott aided and assisted in the conduct that violated Thuesen's court-ordered possessory rights when Thuesen was entitled to possession and access; and Scott either had actual knowledge of the existence and contents of the Possession Order or reasonable cause to believe that the child was the subject of a court order and that his actions were likely to violate the court order.

2

In his Original Petition for Interference with Possessory Interest in Child, Thuesen described how Ward took their child and refused to return him after Thuesen granted her request to see the child for a visit at a park over the holidays during Thuesen's designated period of possession. Thuesen also alleged he repeatedly called her and sent text messages, but Ward cut off all communication with Thuesen in violation of the Possession Order. Thuesen pleaded that he contacted the Colorado County Sheriff's Office, who sent an officer to the residence, where Scott had the officer call Thuesen and read him a criminal trespass warning over the phone. Scott then threatened to have Thuesen arrested although the Possession Order provided for pickup of the child at that residence on some occasions. Thuesen alleged that on December 26, 2022, he filed a "Petition for Writ of Habeas Corpus for Return of Child and Writ of Attachment" and that the CCL ordered Ward to appear with the child on January 11, 2022. Thuesen further claimed that Scott traveled to the courthouse with Ward but continued to illegally restrain, retain possession of, and "concealed the whereabouts of the child" outside the courtroom. Thuesen alleged that Scott did so despite having actual notice of the existence and contents of the Possession Order or reasonable cause to believe that the child was the subject of the Possession Order.

When Scott answered, he moved for sanctions pursuant to Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code chapter 10. Scott alleged

3

that Thuesen's suit was harassing, groundless, and "had no basis in law or fact and not warranted by good faith argument for the extension, modification or reversal of existing law." Scott further asserted that Thuesen filed his Petition frivolously. Scott complained that Thuesen alleged Scott "was jointly and severally liable for conduct that has already been litigated and disposed of." Scott sought "costs of court, attorney's fees, and such other and further relief as Defendant may be entitled to in law or equity."

Thereafter, Thuesen filed a TCPA Motion to Dismiss Scott's "legal action" for sanctions against him. Thuesen argued that Scott's Motion for Sanctions was in response to Thuesen's lawsuit and implicated Thuesen's right to free speech and right to petition. Thuesen further asserted that it was Scott's burden to prove that his Motion for Sanctions was exempt under the TCPA. Thuesen supported his TCPA Motion to Dismiss with his Affidavit and certified copies of records from the CCL custody proceedings. Scott did not respond to the TCPA Motion to Dismiss or present any evidence. The trial court determined that Scott's Motion for Sanctions did not constitute a "legal action" under the statute, thus the TCPA did not apply and denied Thuesen's Motion to Dismiss. After Thuesen appealed, Scott filed an Amended Answer omitting his Motion for Sanctions, which is not part of the appellate record.

On appeal, Thuesen contends that: (1) his TCPA Motion to Dismiss was timely; (2) he met his initial burden demonstrating that Scott's legal action is based on or in response to his exercise of the right of free speech and right to petition; (3) Scott's Motion for Sanctions constituted a "legal action" for purposes of the TCPA; (4) Scott failed to establish by clear and specific evidence a prima facie case for each essential element of his legal action for sanctions; and (5) he established an affirmative defense or other grounds which entitled him to judgment as a matter of law. Scott counters that he has dismissed his Motion for Sanctions, thus making the appeal moot.

## II. Standard of Review

We review a trial court's denial of a TCPA motion to dismiss *de novo*. *See Walker v. Hartman*, 516 S.W.3d 71, 79–80 (Tex. App.—Beaumont 2017, pet. denied) (citation omitted); *see also Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018) (citations omitted). We consider the pleadings and affidavits stating facts upon which liability or any defense is based in the light most favorable to the nonmovant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015) (orig. proceeding); *Push Start Indus., LLC v. Hous. Gulf Energy Corp.*, No. 09-19-00290-CV, 2020 WL 7041567, at *3 (Tex. App.—Beaumont Nov. 30, 2020, no pet.) (mem. op.) (citations omitted).

## III. Analysis

### A. Mootness

Scott questions our subject matter jurisdiction and contends that he ultimately dismissed his Motion for Sanctions filed in the trial court making this appeal moot, so we first address mootness. Although Scott's First Amended Answer is not part of the clerk's record; as we explain, even if we could consider the Amended Answer, it would not impact our subject matter jurisdiction. *See* Tex. R. App. P. 34.1 (discussing contents of record); *see also James v. State*, 997 S.W.2d 898, 901 n.5 (Tex. App.—Beaumont 1999, no writ) ("An appellate court must determine a case on the record as filed and cannot consider documents attached as exhibits or appendices to briefs or motions."). "'[A]lthough a plaintiff decides which of its own claims to pursue or to abandon, that decision does not control the fate of a nonmoving party's independent claims for affirmative relief.'" *Walker*, 516 S.W.3d at 80 (quoting *Rauhauser v. McGibney*, 508 S.W.3d 377, 381–82 (Tex. App.—Fort Worth 2014, no pet.)). However, a TCPA motion to dismiss survives a nonsuit or opposing party's dismissal, because a TCPA motion to dismiss permits the movant to obtain a dismissal with prejudice, attorney's fees, and sanctions. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a) (requiring trial court to award court costs and attorney's fees and permitting the award of sanctions if the court dismisses a legal action). While Scott had the right to abandon his Motion for Sanctions,

6

Thuesen's TCPA Motion to Dismiss was filed prior to the First Amended Answer and the TCPA motion survived Scott's abandonment of the Motion for Sanctions. *See Walker*, 516 S.W.3d at 80; *Rauhauser*, 508 S.W.3d at 381–82. Therefore, this Court has subject matter jurisdiction to entertain this appeal.

## B. TCPA Applicability

### 1. TCPA Motions to Dismiss

The TCPA is meant "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."[1] Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The TCPA instructs courts to liberally construe it to ensure its stated purpose and intent are fully effectuated, but it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *See id.* § 27.011(a), (b); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). Under the TCPA, a party may file a motion to dismiss a "legal action" that is "based on or is in response to a party's exercise of the right of free speech,

---

[1]In 2019, the legislature amended the TCPA. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684, 684–87 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011). The current version of the statute applies to the case before us. *See id.* §§ 11–12, 2019 Tex. Gen. Laws at 687.

right to petition, or right of association[.]" Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a); *see also Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019). Thuesen asserted that Scott's Motion for Sanctions was a "legal action" in response to his exercise of the right of free speech and right to petition.

The TCPA "provides a three-step process for the dismissal of a 'legal action' to which it applies." *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021) (citing *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 691 (Tex. 2018)); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)–(d). First, the movant bears the initial burden to show that the "legal action is based on or is in response to[]" the movant's exercise of: "(1) the right of free speech; (2) the right to petition; or (3) the right of association[.]" Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)(1)(A)–(C). If the movant establishes that the nonmovant's claim implicates one of these rights, the burden shifts to the plaintiff to "'establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Lipsky*, 460 S.W.3d at 587 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c)). Finally, if the nonmovant establishes their prima facie case, the burden shifts back to the movant to establish each essential element of an affirmative defense by a preponderance of the evidence. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d); *Youngkin v. Hines*, 546 S.W.3d 675, 679–80 (Tex. 2018); *Coleman*, 512 S.W.3d at 899. In deciding

8

whether to dismiss a "legal action" under the TCPA, a court "shall consider the pleadings, evidence a court could consider under Rule 166a, . . ., and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *see also Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). "A prima facie case 'refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted.'" *Landry's, Inc. v. Animal Legal Defense Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (quoting *Lipsky*, 460 S.W.3d at 590).

**2. Is the request for Sanctions a "Legal Action?"**

In his first three issues, Thuesen discusses the timeliness of his TCPA Motion to Dismiss and the TCPA's applicability under the statute. We begin with issue three and Thuesen's assertion that Scott's Motion for Sanctions constituted a "legal action" for purposes of the TCPA, as it is dispositive of this appeal. The trial court determined that the Motion for Sanctions was not a "legal action" and denied Thuesen's TCPA Motion to Dismiss.

This issue involves statutory construction, which is a question of law we review *de novo*. *See In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding). If a statute's language is unambiguous, "'we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results.'" *Id.* (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432,

9

439 (Tex. 2011)); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018) (citation omitted). We view the statute as a whole rather than examining isolated provisions. *See Panchakarla*, 602 S.W.3d at 540 (citation omitted); *Youngkin*, 546 S.W.3d at 680. Accordingly, we not only look to what is included in the broad definition of "legal action" but also any exclusions.

The TCPA defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6); *see also Montelongo*, 622 S.W.3d at 296 (citing *Harper*, 562 S.W.3d at 8) (observing the definition of "legal action"). In 2019, the Legislature amended the definition of a "legal action" to expressly exclude the following:

> (A) a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief;
>
> (B) alternative dispute resolution proceedings; or
>
> (C) post-judgment enforcement actions.

*See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, sec. 27.001(6), 2019 Tex. Gen. Laws 684, 685 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A)–(C)). The statutory exclusions do not expressly mention a motion for sanctions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A)–(C). Therefore, we must determine if a motion for sanctions pursuant to Texas Rule of Civil

Procedure 13 or chapter 10 qualifies under the first enumerated exclusion and is "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." *Id.* § 27.001(6)(A).

Scott's Motion for Sanctions falls within the exception outlined in 27.001(6)(A). It is certainly a "procedural action taken or motion made in an action[.]" *Id.* We next consider if it "amend[s] or add[s] a claim for legal, equitable, or declaratory relief." *Id.* Since the TCPA does not further define a "claim" or "relief" we give these words their plain or common meaning. *See Panchakarla*, 602 S.W.3d at 540; *Lipsky*, 460 S.W.3d at 590 (citation omitted). We usually look first to dictionary definitions to determine common, ordinary meaning. *See Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 208 (Tex. 2020) (citation omitted). "Claim" is defined to include "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional[.]" *Claim*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Relief" is defined as "redress or benefit . . . that a party asks of a court[,]" and another term for "relief" is "remedy." *Relief*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Remedy" is "[t]he means of enforcing a right or preventing or redressing a wrong; legal or equitable relief." *Remedy*, BLACK'S LAW DICTIONARY (11th ed. 2019). Based on these definitions, we conclude that the salient determination is whether the request for sanctions is an assertion of an existing right a party enforces. As the Texas Supreme Court recently directed,

11

"Our starting point is *Brown v. De La Cruz*, which provides the controlling legal standard: the existence of a private cause of action must be clearly implied in the statutory text." *Tex. Medicine Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 431 (Tex. 2023) (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 563 (Tex. 2004)).

"Various rules and statutes imbue courts with authority to sanction attorneys" and parties. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717–18 (Tex. 2020) (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001–.006; Tex. R. Civ. P. 13) (other citations omitted). "A court's inherent authority includes the 'power to discipline an attorney's behavior.'" *See id.* at 718 (quoting *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997)). Under both Rule 13 and chapter 10, a party may move for sanctions, or the court may sanction a party on "its own initiative[.]" Tex. Civ. Prac. & Rem. Code Ann. § 10.002(a), (b), 10.004(e); Tex. R. Civ. P. 13. If a court can sanction on its "own initiative" and under its inherent authority (i.e., absent the motion of a party), it is not an existing right that a party holds; it belongs to the court. Even if the party requesting sanctions presents proof that a pleading was groundless, frivolous, filed in bad faith, or for an improper purpose, it does not mean they are entitled to payment or an equitable remedy; rather, the sole determination of whether to sanction a party and what that sanction will be rests within the trial court's discretion. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.002(c) (stating court "may

12

award" prevailing party), 10.004(a), (c) (stating that a court "may impose a sanction" when a party signs a pleading in violation of the rules and setting out that it may include an order to pay a penalty into the court, among other things); Tex. R. Civ. P. 13 (noting "shall impose an appropriate sanction"). In some instances, an appropriate sanction may be "an order to pay a penalty into court[]" rather than to the movant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.004(c)(2). Since a motion for sanctions does not assert an existing right nor is it a right to receive payment or an equitable remedy, it "does not amend or add a claim[.]" *See id.* § 27.001(6)(A); *see also Claim, Relief,* BLACK'S LAW DICTIONARY (11th ed. 2019). Moreover, neither the text of chapter 10 nor Rule 13 clearly implies the existence of a private cause of action for sanctions. *See Tex. Medicine Res.*, 659 S.W.3d at 431; *Brown*, 156 S.W.3d at 563.

In *Jaster v. Comet II Construction, Inc.*, the Texas Supreme Court addressed the meaning of the term "action" in the context of a statute governing certificates of merit. *See* 438 S.W.3d 556, 564–65 (Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)). The Court noted it has used "the terms 'claim,' 'cause of action,' and 'chose in action' to refer to the facts giving rise to a right that is enforceable" in a legal proceeding. *Id.* at 565. "[A]lthough a 'cause of action' differs from a 'claim' in that it exists even before a suit is filed, it is similar to a 'claim' in that 'they both refer to a legal right that a party asserts in the suit that constitutes the action.'" *Montelongo*, 622 S.W.3d at 301 (quoting *Jaster*, 438 S.W.3d at 564). The court alone

holds the right to sanction under Rule 13 or chapter 10; because sanctions do not implicate a legal right a party asserts or enforces, in this context it does not add a claim for relief when a party requests the trial court to sanction the other party under chapter 10 or Rule 13. As an exercise of a court's authority, sanctions implicate due process concerns, and a two-prong test helps to ensure there are safeguards: (1) a direct nexus must exist between the offensive conduct, offender, and the sanction award; and (2) a sanction must fit the triggering offense and be no more severe than necessary to satisfy its legitimate purposes. *See Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014) (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)); *see also Low v. Henry*, 221 S.W.3d 609, 619–20 (Tex. 2007) (discussing sanctions in the context of frivolous pleadings). "Legitimate purposes may include securing compliance with the relevant rules of civil procedure, punishing violators, and deterring other litigants from similar misconduct." *Nath*, 446 S.W.3d at 363. In sum, a motion for sanctions asks the court to exercise its authority and discretion to discipline and deter bad behavior with limiting due process considerations discussed above rather than to address a party's "enforceable right." *See Nath*, 446 S.W.3d at 363; *see also Jaster*, 438 S.W.3d at 565.

When courts have characterized motions for sanctions as claims for affirmative relief, it is in the context of mootness discussions and expressed as a caveat, "[a] motion for sanctions is a claim for affirmative relief that survives nonsuit

14

*if* the nonsuit would defeat the purpose of the sanctions." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (citing *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806–07 (Tex. 1993)) (emphasis added); *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). The reason for this is that if a sanction for filing a frivolous lawsuit did not survive nonsuit, its imposition would be in the plaintiffs' hands, thereby defeating the purpose. *See CTL/Thompson*, 390 S.W.3d at 300. This characterization of sanctions as "affirmative claims" in mootness discussions does not equate to sanctions accurately being characterized as "claims" for purposes of a statutory interpretation analysis. Consistent with this view, "Texas courts have treated proceedings for sanctions as motions, not as independent causes of action." *Mantri v. Bergman*, 153 S.W.3d 715, 717 (Tex. App.—Dallas 2005, pet. denied); *see also Guidry v. Environmental Procedures, Inc.*, 388 S.W.3d 845, 860 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Michels v. Zeifman*, No. 03-08-00287-CV, 2009 WL 349167, at *4 (Tex. App.—Austin Feb. 12, 2009, pet. denied) (mem. op.). Unlike a pending cause of action, a pending sanctions motion does not make an otherwise final judgment interlocutory. *Mantri*, 153 S.W.3d at 717 (citing *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000)) (other citations omitted). Even if the offending party dismisses a frivolous or harassing pleading, it does not moot the issue of sanctions, as the trial court may still sanction a party with or without a motion if its plenary

15

power has not expired. *See Villafani*, 251 S.W.3d at 469; *Mantri*, 153 S.W.3d at 717–18.

Similarly, TCPA motions to dismiss also permit the recovery of costs, attorney's fees, and the imposition of sanctions to survive nonsuits, and we have referred to them as affirmative claims in the context of mootness discussions. *See Walker*, 516 S.W.3d at 80. Yet several courts of appeals have already determined that a TCPA motion to dismiss does not constitute a "legal action" under the statute. *See, e.g., Deepwell Energy Servs., LLC v. Aveda Transp. and Energy Servs.*, 574 S.W.3d 925, 929 (Tex. App.—Eastland 2019, pet. denied) (relying on the doctrine of *ejusdem generis* and concluding TCPA motion to dismiss was not a "legal action"); *Roach v. Ingram*, 557 S.W.3d 203, 217–18 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (concluding the TCPA does not authorize the filing of a TCPA countermotion to dismiss); *Paulsen v. Yarrell*, 537 S.W.3d 224, 233 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (relying on the doctrine of *ejusdem generis* and concluding same); *In re Estate of Check*, 438 S.W.3d 829, 836 (Tex. App.—San Antonio 2014, no pet.) (determining that allowing a "legal action" to include motions to dismiss would lead to an absurd result not intended by the Legislature).

Some sister courts have likewise concluded that a motion for sanctions does not constitute a "legal action" for purposes of the TCPA, while others have reached

16

the opposite conclusion. *Compare Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *4–8 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) (concluding the "TCPA does not apply to appellee's claim that appellants filed frivolous pleadings"), *and Barnes v. Kinser*, 600 S.W.3d 506, 511 (Tex. App.—Dallas 2020, pet. denied), *and Misko v. Johns*, 575 S.W.3d 872, 877 (Tex. App.—Dallas 2019, pet. denied), *with KB Home Lone Star, Inc. v. Gordon*, 629 S.W.3d 649, 656–57 (Tex. App.—San Antonio 2021, no pet.) (holding that motion for sanctions seeking $5,000 constituted a "legal action" under the TCPA and distinguishing cases that held otherwise), *and Whataburger Restaurants LLC v. Ferchichi*, No. 04-22-00020-CV, 2022 WL 17971316, at *3 (Tex. App.—San Antonio Dec. 28, 2022, no pet.) (mem. op.) (concluding motion for sanctions constituted "legal action" under the TCPA), *and Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 228–29 (Tex. App.—Austin 2018, no pet.) (concluding that "counterclaim" or "motion for sanctions" was a "legal action"). The *Patel* court relied on the doctrine of *ejusdem generis* and applied it to the definition's list of "lawsuit, cause of action, petition, complaint, cross-claim, and counterclaim" to determine that when more specific things are listed, the catchall provision must be limited to things like the former. *See Patel*, 2020 WL 2120313, at *4; *see also Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 n.1 (Tex. 2015) (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 199

17

(2012) ("Where general words follow an enumeration of two or more things, they apply only to persons or things of the same general kind or class specifically mentioned.")). The Dallas Court of Appeals reasoned in *Barnes v. Kinser* that a sanctions request did "not seek vindication of a substantive legal right arising outside the litigation context[]" and thus, seeking sanctions for filing a frivolous or groundless lawsuit was not a "legal action" under the TCPA. 600 S.W.3d at 511. We believe the courts in *Barnes* and *Patel* reached the right result, albeit for different reasons than we set forth here, as they analyzed the definition of "legal action" before the exclusions were added to that definition.

Finally, if we adopted Thuesen's interpretation, it would lead to absurd results. The 2019 TCPA amendments added exemptions for certain types of proceedings. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 9, sec. 27.010(a), 2019 Tex. Gen. Laws 684, 687 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(1)–(12)). The latest version of the statute exempts legal actions filed under Title 2 of the Family Code from the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(6). Thuesen's underlying lawsuit for interference with possessory interest of [a] child falls under Title 2 of the Family Code and would be exempted from the TCPA. *See id.*; *see also* Tex. Fam. Code Ann. §§ 42.001–.003 (under Title 2 of the Family Code). Scott's Motion for Sanctions is wholly derivative of the suit brought by Thuesen under Title 2, which the TCPA expressly exempts.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(6); *see also Mantri*, 153 S.W.3d at 718 (explaining that "a motion for sanctions for frivolous litigation under chapter 10 must be tied to the allegedly frivolous litigation"). If Scott's Motion for Sanctions complaining about Thuesen's Petition for Interference with Possessory Interest in [a] Child constitutes a "legal action," it would pull an action brought under Title 2 of the Family Code within the TCPA's purview, despite an express exemption for those actions and lead to an absurd result. *See id.* § 27.010(a)(6).

The plain language of the statute, when examined as a whole, leads us to conclude that a motion for sanctions does not constitute a "legal action" for purposes of the TCPA. Since Scott's Motion for Sanctions was not a "legal action," Thuesen failed to meet his initial burden to show the TCPA applied. *See Montelongo*, 622 S.W.3d at 296; *Lipsky*, 460 S.W.3d at 586–87; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). We overrule issue three. Each of the remaining issues is predicated on sustaining issue three and concluding the TCPA applies. Based on our resolution of this issue, it is unnecessary for us to address Thuesen's remaining issues. *See* Tex. R. App. P. 47.1.

## IV. Conclusion

We hold that Scott's Motion for Sanctions pursuant to Texas Rule of Civil Procedure 13 and Civil Practice and Remedies Code chapter 10 is not a "legal

action" pursuant to the TCPA. Having overruled issue three, we affirm the trial court's order denying Thuesen's Motion to Dismiss.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 23, 2023
Opinion Delivered April 6, 2023

Before Golemon, C.J., Horton and Johnson, JJ.